## GUADALUPE COUNTY v. WILSON COUNTY.

(Case No. 1227.)

1. COUNTY BOUNDARY — JURISDICTION.— A suit by one county against another to establish the true boundary line between them, and to enjoin from the exercise of jurisdiction, cannot be maintained. The issue in such a cause presents a political question, and not one for judicial inquiry.

2. SAME.— The statutes in force having defined the boundaries of the counties, the statutory mode of ascertaining the locality of the dividing lines on the ground must be pursued.

3. SAME.— An unconstitutional act creating a new county from an old one can interpose no obstacle to the exercise of jurisdiction by the mother county over the territory embraced in the new county, but an action cannot be maintained by the old county for the sole purpose of having the act pronounced unconstitutional.

4. SAME.— But a citizen injuriously affected by the effort to enforce an unconstitutional act creating a new county, may, in the protection of such interest, invoke the jurisdiction of the courts.

APPEAL from Wilson. Tried below before the Hon. Everett Lewis.

Suit brought by the county of Guadalupe against Wilson county for the jurisdiction and control of territory alleged to be a portion of the county of Guadalupe, by an act of the legislature of Texas, passed on the —— day of March, 1846, incorporating the county of Guadalupe, etc.; the portion sued for being included within the boundaries of Guadalupe county as then established by said act. The county of Guadalupe claimed that from and after the date of incorporation, continuously up to the time of suing, said territory constituted an integral part of Guadalupe county, and was never legally separated or withdrawn from it; and from the date of its incorporation up to the 13th of March, 1874, the county of Guadalupe, through her officers and agents, exercised jurisdiction and control over the property and inhabitants in the territory claimed; that from the 13th day of March, 1874, Wilson county claimed said territory to be within her boundaries, and wrongfully and illegally excluded plaintiff from her rightful control over said territory, etc. Plaintiff prayed for an injunction restraining Wilson county from exercising control over the disputed territory, and for decree declaring it to be a part of Guadalupe county, etc.

Wilson county answered by plea to the jurisdiction, also by general and special demurrers and plea of not guilty; and further answered, that by the act of March 13, 1874, of the legislature, the boundaries of Wilson county were changed so as to embrace within its limits the disputed territory, and since that time Wilson county has exercised control, etc., over the same; that all the power and control that plaintiff had over said territory was taken away by the

above named act, and that the county of Wilson was entitled to the control and jurisdiction of the territory by virtue and under authority of the Revised Statutes of the state defining the boundaries of Wilson county, passed on the 1st day of September, A. D. 1879.

By supplemental answer, pleaded the statutes of limitation of three, four and five years. The court overruled the plea to the jurisdiction.

No jury was demanded, and the court rendered judgment for Wilson county.

*Alex. Henderson* and *James Greenwood*, for appellant.

I. The act of the 13th of March, 1874, entitled "An act to enlarge and define the boundaries of Wilson county" (see Acts 14th Leg., 1st sess., p. 21), is unconstitutional. The title does not disclose the main object of the act. The effect of the act was to cut off ·a portion of the territory of Guadalupe county and attach the same to Wilson. The title gave no notice to Guadalupe county or the inhabitants thereof that the body of the act would in any way affect their rights, powers or interests. Every law enacted by the legislature shall embrace but one object, and that shall be expressed in its caption. Const. 1869, sec. 17, art. XII; Const. 1876, sec. 35, art. III; Const. 1845, sec. 24, art. VII; Giddings *v.* San Antonio, 47 Tex., 549; Tadlock *v.* Eccles, 20 Tex., 783; Cannon *v.* Hemphill, 7 Tex., 185; San Antonio *v.* Gould, 34 Tex., 49; Woods *v.* Durrett, 28 Tex., 433; Davey *v.* Galveston Co., 45 Tex., 291; Austin *v.* G. C. & S. F. R. R. Co., 45 Tex., 236; Battle *v.* Howard, 13 Tex., 345; Robinson *v.* State, 15 Tex., 311; Peck *v.* San Antonio, 51 Tex., 490, and authorities cited; *Ex parte* Mabry, 5 Tex. Ct. App., 93, and authorities cited; Hasselmeyer *v.* State, 1 Tex. Ct. App., 690; Hunt *v.* State, 7 Tex. Ct. App., 212; Cooley's Const. Lim., 144, 177; Cooley's Const. Lim. (2d ed.), 81, 82, 130, 131, 141, 150; 2 Dallam, 304; 1 Cranch, 175; 2 Peters, 657.

II. The act of the sixteenth legislature adopting the revised civil code, and the code itself, did not and does not affect pre-existing rights, nor cure constitutional defects in any of the laws revised, existing prior to the adoption of said code. R. S., General Provisions, pp. 718, 719, secs. 5, 10.

III. The court did have jurisdiction, and the plea was properly overruled. Counties in this state are bodies corporate and politic, and as such may sue and be sued, plead and be impleaded. R. S., pp. 193, 194; Bell County *v.* Alexander, 22 Tex., 359; Baker *c.* Panola County, 30 Tex., 89.

*J. B. Polley*, for appellee.

I. This suit being a suit brought by one county against another, to settle a question of boundary and jurisdiction between the two counties, is one over which the district court has no jurisdiction in this form, the question being one political, and not judicial in its character, and one belonging to the political rather than to the judicial department of the government; the legislature having determined the boundaries of the respective counties, the court cannot undertake to pass upon or diminish or enlarge them. Const. of 1876, art. V, sec. 8; art. IX, sec. 1; also art. XI, sec. 1; R. S., title 22, ch. 1, art. 651; also ch. 4, same title, art. 686, art. 795; Act of 30th March, 1846; R. S., art. 926; Act of 13th March, 1874; San Patricio *v.* McLane, 44 Tex., 393; Beard *v.* Head, 3 Dana (Ky.), 489; State *v.* McFadden, 23 Minn., 40.

II. The act of 13th March, 1874, correcting and fixing the boundaries of Wilson county, is constitutional, and if not, the law was lawfully re-enacted in the Revised Statutes. See authorities heretofore cited, and authorities cited by appellant.

*Hancock & West*, also for appellee.

STAYTON, ASSOCIATE JUSTICE. — This action was brought by Guadalupe county against Wilson county to establish the true boundary line between the two counties, and to enjoin Wilson county from exercising jurisdiction over certain territory claimed to be a part of Gaudalupe county. A plea to the jurisdiction of the court was interposed, which was overruled by the court, after which a trial was had and a judgment rendered in favor of the defendant.

The plea to the jurisdiction should have been sustained and the cause dismissed, for the question was not one for judicial inquiry. There was a law in force defining the boundaries of Wilson and Guadalupe counties, and the statute provides the mode by which county boundaries may be ascertained. R. S., 686–691.

If the act of March 13, 1874, defining the boundaries of Wilson county, had been unconstitutional for want of a proper title, a suit between the counties could not have been maintained for the sole purpose of having it so declared.

If the act had been unconstitutional, it would have interposed no obstacle to the exercise of jurisdiction by Guadalupe county over the territory which prior to it belonged to that county.

Persons owning property, or living within the disputed territory, by showing a sufficient pecuniary interest, or injury to themselves,

might, in a matter affecting themselves, have presented a question for judicial inquiry.

It is proper to say that even if the act of March 13, 1874, was invalid, which it is unnecessary for us to consider, the same had been re-enacted in the Revised Statutes prior to the institution of this suit. R. S., 927.

The cause is dismissed.

DISMISSED.

[Opinion delivered December 21, 1882.]