## YELLOWSTONE KIT v. W. H. WOOD, TAX COLLECTOR.

### Delivered December 18, 1897.

**1. Mandamus to Tax Collector—Occupation Tax.**

The function of a writ of mandamus is to compel the doing of an act, and it will not issue to restrain the commission of a tort, or abuse of office, nor to prohibit a tax collector from demanding of one occupation tax as a traveling person selling patent medicines, nor to restrain him from instituting a criminal prosecution against such person for pursuing such occupation without paying the tax.

**2. Injunction to Restrain Criminal Proceedings.**

Injunction will not lie to restrain the institution of criminal proceedings, except where they will affect property rights to preserve which the writ is necessary, or to prevent repeated prosecutions wrongfully instituted for the purpose of vexing and harassing the defendant therein.

APPEAL from Hill. Tried below before Hon. J. M. HALL.

*Bowlin & Scott* and *Wilson Gregg*, for appellant.

*Short & Walker*, for appellee.

RAINEY, ASSOCIATE JUSTICE.—This action was brought by appellant against W. H. Wood, tax collector of Hill County, Texas, seeking a writ of mandamus to compel said Wood to issue him a license to pursue the occupation of a merchant druggist, and to restrain said Wood from demanding of him an occupation tax as a traveling person selling patent or other medicines.

The evidence shows that said tax collector never refused to issue to appellant a license as a merchant druggist. That when appellant applied to him for a license as a merchant druggist, he told appellant he was ready and willing to issue same, but that appellant was liable to pay the tax imposed on traveling persons selling patent or other medicines, and if appellant did not pay such tax, he would institute criminal proceedings against him for failure to so do.

The tax collector not having refused to issue to appellant license as a merchant druggist, but being ready and willing to do so, there was no basis for the issuance of the writ of mandamus in this particular. We also think that appellant was not entitled to the writ to restrain appellee from demanding of him an occupation tax as a traveling person selling patent or other medicines. The function of a writ of mandamus is to compel the doing of an act. It will not issue to restrain the commission of a tort or abuse of office. Merrill on Mandamus, sec. 43. It "runs to inferior tribunals, corporations, or persons to compel the performance

of an act which the law especially enjoins as a duty resulting from an office, trust, or situation." Id., sec. 1.

Thus it will be seen that the writ will not lie to prohibit the tax collector from demanding of appellant an occupation tax as a traveling person selling patent or other medicines; nor will it lie to restrain the tax collector from instituting criminal prosecution against appellant for pursuing such occupation without paying such tax.

To prohibit the doing of an act is the office of the writ of injunction. But this writ can not be invoked to prevent the institution of criminal proceedings (High on Injunction, sections 20, 68, 272, 1244; Beach on Injunction, sections 59, 60, 574), except when the criminal prosecution will affect property rights, and the writ is necessary to preserve such rights (High on Injunction, section 68), and to prevent repeated prosecutions wrongfully instituted for the purpose of vexing and harassing the defendant therein.

The "rule that courts of equity will not restrain criminal proceedings was applied where a sewing machine company sought to restrain the sheriff and tax collector from demanding from its agent a license tax imposed by the revenue act, and from prosecuting the agent criminally for violating the provisions of the act." Beach on Inj., sec. 574; Sewing Machine Co. v. Fletcher, 44 Ark., 139.

This, we think, is a correct application of the rule. It is applicable to the facts of the case under consideration, and is conclusive, to the effect that appellant is not entitled to a prohibitory writ against the tax collector.

It is evident that this action was brought to have the civil courts determine whether or not the appellant would subject himself to a criminal prosecution if he pursued a certain line of business without paying an occupation tax as a traveling person selling patent or other medicines. Under such circumstances the civil courts will not determine what occupation tax he would be liable to pay. If he is satisfied that his occupation does not fall within the class claimed by the tax collector, he can pursue it, and if criminal proceedings are instituted against him he can enter his defense, and his rights can there be tested.

There was no error in the action of the court below denying the relief sought. The judgment is therefore affirmed.

*Affirmed.*