## WORTHAM v. SULLIVAN.

(Court of Civil Appeals of Texas. Amarillo. April 6, 1912. Rehearing Denied May 11, 1912.)

1. STATES (§ 12*) — BOUNDARIES — JUDICIAL POWER.

A line recognized by a state law and by public officers as a state line is a line de facto with which courts cannot interfere, in the absence of legislative authority; the determination of a boundary line between two nations or states being political, and not judicial.

[Ed. Note.—For other cases, see States, Cent. Dig. §§ 6–11; Dec. Dig. § 12.*]

2. MANDAMUS (§ 73*) — SURVEYORS—DUTIES.

A county surveyor cannot be required to make a survey in territory lying beyond a de facto line of the county, and in which political powers of the state are not exercised.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 115, 135, 144–149; Dec. Dig. § 73.*]

3. MANDAMUS (§ 71*)—WHEN REMEDY LIES.

Mandamus will not lie to compel the performance of an act by an official· unless his duty to perform the same is so clear and free from doubt as not to require the exercise of discretion on his part, and so that its performance amounts to a mere ministerial act.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 133; Dec. Dig. § 71.*]

Appeal from District Court, Childress County; S. P. Huff, Judge.

Mandamus proceeding by John L. Wortham against S. S. Sullivan. Judgment for defendant, and plaintiff appeals. Affirmed.

Fires & Diggs, of Childress, and Lightfoot, Long & Wortham, of Paris, for appellant. J. H. Aynesworth, for appellee.

PRESLER, J. John L. Wortham sought through a petition filed in the district court of Childress county to obtain a peremptory mandamus against S. S. Sullivan, county surveyor of that county, compelling him to make a survey of certain described land in Childress county, containing about 5,000 acres, belonging to the public free school fund of the state. The plaintiff alleged everything necessary to impose upon the county surveyor the duty of making the survey if the land in controversy was in Childress county. The defendant answered, among other things, that the land was not in Childress county, but was beyond the boundary line between Texas and Oklahoma, and that the state of Oklahoma is now, and has been for many years, exercising jurisdiction over the same, while the state of Texas has not in any manner exercised any jurisdiction over such lands or the inhabitants of such territory. The trial court

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

on final hearing refused the application, and the applicant has appealed.

[1] All questions presented by appellant are answered by our conclusion that the judgment refusing the writ of mandamus is correct on the undisputed facts in the record. The real controversy appears to be whether the initial monument marking the line between Texas and Oklahoma is on the true one hundredth meridian astronomically located, at which latter point appellant contends the true boundary line is. By the Act of August 21, 1876 (Gammel's Laws of Texas, vol. 8, p. 234), the boundaries of Childress county are as follows: "Beginning at the S. E. corner of Collingsworth county at the 12th milepost on the 100th meridian; thence W. 23 miles; thence S. 30 miles; thence E. about 35 miles to the new W. line of Hardeman county; thence N. to Prairie Dog Town river; thence up said river to the initial monument on the one hundredth meridian; thence N. to the twelfth milepost at the place of beginning." In the statement of facts it is agreed "that none of the officers of Childress county exercise any jurisdiction, either civil or criminal, beyond the line running north from the initial monument." Under these circumstances, whatever may be the true location of the Texas-Oklahoma boundary line de jure, the line thus shown as fixed by the initial monument is the line de facto, and the district court nor this court has no jurisdiction to determine otherwise. In the very nature of things the determination of a boundary line between two nations or states is a political one, and not a judicial question. The question, indeed, may be made a judicial question by treaties, or by superior legislation by the federal government where states' rights are involved, but it is not, and cannot be, contended that any competent power has ever attempted to confer upon the state courts of Texas the right to determine the boundary line between that state and Oklahoma.

[2] The undisputed facts show that the state of Texas is not exercising sovereignty over any part of the territory involved in this controversy, and it clearly was not the duty of the county surveyor to make a survey of lands in territory which the political powers of the state now recognize as lying beyond its limits. Guadalupe County v. Wilson County, 58 Tex. 228; Harrold v. Arrington, 64 Tex. 233; Heirs of Cameron v. State of Texas, 95 Tex. 545, 68 S. W. 508; Reese v. Coob, 135 S. W. 220.

The above and foregoing portion of this opinion, which we here adopt, was prepared and handed down by the Court of Civil Appeals for the Second Supreme Judicial District at Ft. Worth, Tex., prior to the transfer of this cause to this court in accordance with the provisions of sections 1 and 4 of House Bill No. 25, passed by the Thirty-Second Legislature of the state of Texas, which became effective as per opinion of the Supreme Court in the recent case of Southern Pacific Co. v. Sorey, 140 S. W. 334, before said cause was submitted in said Second Court of Civil Appeals.

[3] Upon a thorough examination of the questions raised upon the record and the law, we feel constrained to concur in the conclusions reached as above stated, and, in addition to the above discussion of the case, will state that, viewing the contentions made by appellant in the most favorable light, it was at least doubtful as to the duty of the defendant as county surveyor of Childress county to perform the acts required of him by appellant; that it involved the determination of the true location upon the ground of the one hundredth meridian west from Greenwich, astronomically located, and incidentally the boundary line between Texas and Oklahoma, in order for him to decide whether he had authority to survey the land requested by appellant and lying in the territory in controversy, appellant contending that the one hundredth meridian and the true boundary line between Childress county, Tex., and the state of Oklahoma, is not where the undisputed evidence shows it to have been for many years recognized to be, both by Texas and the state of Oklahoma, and the officials of Childress county, but east of said line by 3,600 or 3,700 feet, reckoned from the "Jones-Brown initial monument," and locating the territory in controversy in what appears to be from the evidence and the opinion of the United States Supreme Court in the case of U. S. v. Texas, 162 U. S. 1, 16 Sup. Ct. 725, 40 L. Ed. 867, a part of the state of Oklahoma. The law is well settled that mandamus will not lie to compel the performance of an act by an official unless his duty to perform the same is so clear and free from doubt as not to require the exercise of discretion on his part, and so that its performance amounts to a mere ministerial act.

We therefore conclude that the judgment of the district court, refusing the writ of mandamus, should be in all things affirmed, and it is accordingly so ordered.