## WINFREE et al. v. MAY.
### No. 9771.

Court of Civil Appeals of Texas. Galveston.
July 7, 1932.

Durell Miller, of Yoakum, and Touchstone, Wight, Gormley & Price, of Dallas, for appellants.

GRAVES, J.

The appellants, that is, E. S. Winfree, I. F. Gassert, John W. Neill, Perry J. Davis, and Joe D. Turner, as city commissioners, and C. C. Crutchfield, as city clerk, of the city of Yoakum, appeal from an order in mandamus granted against them below in their stated capacities as officials in favor of the appellee, Eck May, who, as an individual taxpaying citizen of the city of Yoakum, sought, among other things prayed for, such relief against them. The order recited:

"It is the opinion of the court that the plaintiff should have the relief for which he prays, to the extent as hereinafter granted. It is therefore ordered, adjudged and decreed that the writ of mandamus issue against the defendants and each of them commanding said defendants that they open and keep open to the inspection of the plaintiff and to his attorneys of record in this cause all of the books, accounts, acts, orders, reports, and records of the City of Yoakum made within, and/or relating to transactions within the nine months preceding the date of this judgment, except as to such matters as may be of a private nature, under the following provisions and conditions:

"That the right of inspection herein granted shall be exercised only between the hours of nine o'clock A. M. and four o'clock P. M. on any day or days except Sundays and legal holidays; that said inspection may be made by plaintiff personally and by his attorneys of record in this cause, to-wit, Leo Brewer and H. S. Paulus, and by any one or more of said attorneys·of record at a time, but not by the auditors named in plaintiff's second amended original petition; and the writ of mandamus, as to said auditors, is refused; that plaintiff shall be entitled to make copies of said public records; that said inspection will proceed with reasonable dispatch after this judgment becomes final and will be made in such way as not to disrupt the work of defendants more reasonably necessary to permit inspection as herein granted, but no general audit, as that term is generally understood, is permitted under this order."

■ On an inspection of the record and statement of facts brought up here, it is the conclusion of this court that the order was improvidently issued, in that there is no evidence that the appellee ever was denied by appellants the rights, privileges, and inspections the judgment accords him against them; the undisputed testimony so brought here reflects that all ·the books and records of the city were at all times open to the public for inspection, were so kept there at the city hall, and that the city officials never refused to let the appellee examine them, nor his agents or attorneys for him; that a Mr. Bourke, who seems to have been a representative of the light and power company that had, prior to these transactions, been furnishing the city ·of Yoakum with electric light, was refused by the appellant city secretary the privilege of inspecting or copying a list of names of 1,000 citizens, which had been procured by a citizens' committee and merely left with the city secretary, without ever having been filed or approved as official city papers, in which those citizens had pledged themselves to use water and lights from the city; the city secretary, in declining to permit Mr. Bourke to see or copy these subscriptions or commitment lists, did so on the ground that they belonged to the citizens' committee who had procured them, not to the city, never having been filed with or approved by it, his reason for the refusal being thus concluded: "He wanted to make a list of the thousand ·persons who had signed up to take lights and water from the city. That is the only thing they were ever refused; and that was on.the advice of counsel that I should not let them have it."

■ There is nothing whatever connecting Mr. Bourke's request for these lists with the appellee in any way, nor denial from any source that they came to and were left in the city secretary's hands just as he said they were; wherefore, the objective of the court's. action being the control of official duties in relation to public records, this writ could neither operate upon, nor be justified by such a refusal relating to purely private papers thus merely lodged with him; it cannot, therefore, be permitted to stand. If authorities be needed to support this conclusion, these are cited: Wortham v. Sullivan (Tex. Civ. App.) 147 S. W. 702; 53 Córpus Juris, 634; Kemp v. Wilkinson, 113 Tex. 491, 259 S. W. 912; Yellowstone Kit v. Wood, 18 Tex. Civ. App. 683, 43 S. W. 1068.

It follows that the judgment should be reversed and the cause rendered in appellants' favor; it will be so ordered.

Reversed and rendered.