SWAN *vs.* SADDLEMIRE & WOOD.

*Case* lies against the plaintiff and defendant in a judgment, for fraudulently
setting up the judgment as *unsatisfied*, when in fact it is *paid*, causing an
execution to be issued thereon, and a sale to be had of land on which the
judgment when in force was a lien, where such land, subsequent to the
judgment, was conveyed by the defendant, and passed into the hands of a
third person.

It is not necessary in such action that *actual specific damage* should be shewn;
if it appear that the unlawful acts of the defendant occasioned trouble, in-
convenience, or expense to the plaintiff, the action is sustained.

Where the plaintiff in such action derives his title from one of the defend-
ants, the defendants are not allowed to allege that no *interest in the land*
was conveyed to the plaintiff by the deed under which he claims; nor can
they avail themselves of a variance between the judgment and execution.

*It seems,* that an execution issued upon a judgment which has been paid and
satisfied is absolutely *void*, and not merely *voidable*, and that a purchaser
under such execution acquires no title.

THIS was an action on the *case*, tried at the Albany circuit in
September, 1830, before the Hon. JAMES VANDERPOEL., one of
the circuit judges.

The defendants were charged in the declaration with com-
bining together to defraud the plaintiff, by setting up a judg-
ment in favor of Wood against Saddlemire, which had been
paid and satisfied, sued out an execution thereon, and selling
a farm held by the plaintiff by conveyance derived from Sad-
dlemire since the rendition of the judgment on which the ex-
ecution issued. The defendants pleaded the general issue.
On the trial, the plaintiff read in evidence a *quit claim* deed
from Saddlemire to one Vrooman, bearing date 3d March,
1824, whereby, for the consideration of $400 Saddlemire re-
leased 60 acres of land to Vrooman, and also a *quit claim* deed
of the same premises from Vrooman to the plaintiff, the con-
sideration of which was $350. The plaintiff then proved the
judgment rendered in a justice's court in favor of Wood against
Saddlemire for $42,57, a transcript of which was filed in the
clerk's office of the county of Albany on the 27th April, 1820;
also a written consent signed by Saddlemire, bearing date
14th July, 1828, that execution issue upon such judgment
without *scire facias,* in which consent the amount of the judg-

ment was stated to be $42,50, and an execution issued upon

such judgment, tested on the 14th July, 1828, stating the judgment to have been rendered for $42,50. The execution was delivered to a deputy of the sheriff of Albany by Wood, who directed the deputy to levy the same on the 60 acres of land bought by the plaintiff of Vrooman, which was done accordingly; and on the 6th December, 1828, the land was sold by virtue of the execution at public vendue for $92, to one Gage, to whom the sheriff executed a certificate of sale. The plaintiff proved the admissions of both Wood and Saddlemire, made previous to the sale in December, 1828, that the judgment, on which the execution had been issued, was *paid* and *satisfied*. The value of the 60 acres was at least $300. This suit was commenced in October, 1829. The plaintiff having rested, the defendant moved for a *nonsuit*, on the grounds of the variance between the judgment and execution, that the evidence did not make out a cause of action, and that the sale being under a satisfied judgment, was wholly void. The judge directed a nonsuit to be entered ; the plaintiff moves to set it aside, and for a new trial.

*A. Taber*, for plaintiff. The variance between the judgment and execution was amendable. 5 Johns. R. 89, 100. 4 Wendell, 462. It would be unavailable to the plaintiff in this cause in an action against him by the purchaser ; and at all events, the defendants being the actors in the suing out of the execution, will not be allowed to object the variance to protect themselves from responsibility. The purchaser at the sheriff's sale would hold the land, notwithstanding that the judgment was satisfied. 1 Cowen, 622, 643, 4. The defendants having been guilty of a wilful wrong, which caused damage to the plaintiff, are responsible in this action. The sale of the land embarrassed the plaintiff's title so that he could not have sold it for its value ; he was obliged to redeem it by paying the purchase money ; on failing to do so, he would have lost all right to it. But were it otherwise, should the sale under a satisfied judgment be considered void so as not to affect the title, the plaintiff, notwithstanding, is entitled to his action. It is not necessary in such cases that actual injury should be shewn ; it

is enough that the plaintiff has been disturbed in the posses- sion and enjoyment of his property by the unlawful acts of the defendants; the law will imply injury. *Ash* v. *Burdnel,* Cro. Jac. 255. *Hunt* v. *Dowman,* id, 478. Jacob's Law Dict. tit. Action, II. 3 Black. Comm. 123. *Yates* v. *Joyce,* 11 Johns. R. 136. *Daniel* v. *Daniel,* 7 Mass. R. 115.

*M. T. Reynolds,* for the defendants. Admitting that a va- riance between a judgment and execution in a court of record is amendable, the execution in this case being issued on a jus- tice's judgment docketed in the county clerk's office, there is no court or officer who has the power to amend it; and being unsupported by a judgment, it is a nullity. The plaintiff shewed no cause of action. He did not prove that he had any interest whatever in the land sold; the deed of *quit claim* from Vrooman to him conferred no title, nor was it shewn that Saddlemire, under whom Vrooman held, ever had title to the land; not even a possessory title was shewn, either in Saddle- mire, Vrooman or the plaintiff. No injury was sustained by the plaintiff by the alleged wrongful acts of the defendants; the sale being under a satisfied judgment, was void, 5 Wen- dell, 240; 6 id. 367; it conferred no title upon the purchaser, and the plaintiff in the execution is liable for the purchase money. A purchaser under a power, purchases at his peril; if there be no subsisting power or authority to sell, no title is acquired. 4 Wendell, 474. Consequently no injury was sus- tained. Fraud without damage gives no right of action.

*By the Court,* SUTHERLAND, J. The nonsuit mnst have been granted, either upon the ground of the variance between the judgment and execution, or else upon the general ground that the sale was a perfect nullity, by which the plaintiff could not have been injured, and for which therefore no action would lie; for, independently of these considerations, the evidence certainly was sufficient to go to the jury.

It was urged on the argument, on the part of the defend- ants, that there was no evidence to shew that the plaintiff had any interest in the land attempted to be sold. The evidence upon this subject is, that Saddlemire, on the 3d March, 1824,

conveyed the premises to one Vrooman by a *quit claim* deed for the consideration of $400, and that Vrooman, in November following, conveyed them also by a *quit claim* deed to the plaintiff for the consideration of $300. It is not expressly proved that either Saddlemire or Vrooman, or the plaintiff, was in the actual possession of the farm, or that Saddlemire ever had any title to it. It is not however for the defendants, after having sold this farm as the property of Saddlemire, to deny that he ever had an interest in it; and as between these parties, and under the circumstances of this case, the legal intendment, I think, is, that a valuable and beneficial interest passed under these conveyances, and that the parties respectively took possession under them.

NEW-YORK,
May, 1832.

Swan
v.
Saddlemire.

The variance between the execution and the judgment did not affect the validity of the sale under it. Such a variance, where the execution issues from a court of record, is amendable at any time, as well after as before the sale, 2 T. R. 727, 5 Johns. R. 100, 2 Dunlap, 774, *and cases there cited,* and cannot be taken advantage of on a trial for a recovery of land sold by virtue of the execution. 4 Wendell, 462. In *Jackson, ex dem. Hunter* v. *Page,* 4 Wendell, 585, this doctrine was applied to an execution issued upon a *justice's judgment,* the transcript of which had been filed in the county clerk's office: precisely in this respect like the case at bar. There was a variance in that case of $\frac{50}{100}$ between the judgment and execution under which the plaintiff derived title. We held that the title of the purchaser was not affected by it. I delivered the opinion of the court; and it is there said that it sufficiently appeared that the execution given in evidence was in fact issued upon the judgment in question, and that the sale was made under that judgment and execution. The object in proving the judgment and execution was to shew a competent authority for the sheriff to sell: and the rights of a purchaser at such sale ought not to be affected by a slight variance between the execution and the judgment, which it would be a matter of course to amend upon application to the court, if the execution had issued from a court of record. The variance in no respect affects the force or validity of the execution or sale under it, if it be admitted that it issued upon the judg-

ment, and conforms to it in all essential particulars. The ac-
tual amendment is of no importance. The variance will be
disregarded, no matter what court the process issues from,
if, according to established practice of this court, its process
would be amendable under similar circumstances. 10 Johns.
R. 386. 18 id. 10. *Jackson* v. *Streeter*, 5 Cowen, 529. The
variance in this case therefore did not authorize the nonsuit.
But if in ordinary cases this objection could be taken by a de-
fendant in a hostile execution, it could not be taken by these
defendants, both of whom must be considered as actors in the
issuing of the execution in this case.

It is not necessary, in order to support this action, to main-
tain that the purchaser under the sale complained of ac-
quired a good title to the property. In this special action on
the case, if it appear that the unlawful acts of the defendant
occasioned trouble, inconvenience, or expense to the plaintiff,
the action is sustained. and the amount of damages must be
determined by the jury. 1 Chitty's Pl. 133, 4. Now a man's
property cannot be sold under color of legal process, without
subjecting him to some inconvenience or expense, and if it be
real estate, without, to a greater or less extent, throwing a
cloud upon his title. This is damage *per se*, and the law ought
so to regard it, when it is produced by the wilful and fraud-
ulent act of a tort-feasor. The case of *Hunt* v. *Dowman*,
Croke Jac. 478, shews that *actual specific damage* need not, in
all cases, be shewn, in order to maintain this action, but that
the law will in some cases imply damage without its being
proved. That was an action on the case, by a reversioner in
fee against the lessee for years, for disturbing him, when he
came to the house to see if any waste was committed therein,
or any defect in the repairs, as that he could not enter and ex-
amine the waste, if any. The plaintiff recovered, and it was
moved in arrest of judgment, 1. That it was not shewn that
any waste had been committed, and of course it did not ap-
pear that plaintiff had sustained any damage by being prevent-
ed from examining the premises; but the whole court held
that the action, though of the first impression, was maintain-
able; that the reversioner having a right to enter and view
the premises, a disturbance in his entrance and view was an

injury for which the law gave him a remedy by this action. *Phillybrown* v. *Rylan d*, 1 Strange, 624. So an action one case will lie for tearing the seal off a deed, without shewing that it was the seal of the grantor, or that the deed thereby lost its force. *Ash* v. *Burdnel*, Croke Jac. 255. Comyn's Dig. tit. Action on the Case for Misfeasance, a. 6. Godb. 200. 7 Mass. R. 135. *Yates* v. *Joyce*, 11 Johns. R. 140. In *Mc-Guinty* v. *Herrick*, 5 Wendell, 243, it was held, that trespass would lie against a party or magistrate, who should wantonly and intentionally take out, or issue process, *upon a paid judgment;* that the justice in such a case would have a jurisdiction of the process; that an execution upon a paid judgment was not a regular process. 2 Johns. Cas. 49. 7 Cowen, 249. And in *Lewis* v. *Palmer*, 6 Wendell, 368, a justice who issued a second execution, after the first was satisfied, was held to be a trespasser, though the second execution was issued through the false representation of the plaintiff that the first was lost.

I am strongly inclined to the opinion that an execution issued upon a judgment which has been paid and satisfied, is to be considered absolutely void, and not voidable, and that the purchaser under such execution would acquire no title. *Woodcock* v. *Bennett*, 1 Cowen, 711. 1 Johns. Cas. 154. 15 Johns. R. 443. 16 id. 571. 9 Mass. R. 142. 16 id. 63. 18 Johns. R. 441. *Jackson* v. *Cadwell*, 1 Cowen, 622, and authorities there cited. *Jackson* v. *Anderson*, 4 Wendell, 474. It is a general rule that a purchaser under a power, purchases at his peril. If there was no subsisting power or authority to sell, no title is acquired. But I abstain from a definitive opinion upon this point, because I do not deem it necessary to the decision of this motion; and it may hereafter directly arise between other parties connected with this transaction.

Nonsuit set aside, and new trial granted.

[*The remainder of the cases of May term in next volume.*]