## Hood *v.* Palm et al.

In an action on the case for a conspiracy to defame, by spreading false statements that defendant had cheated and defrauded a third person, (the words not being actionable,) and also by composing a libellous statement to the same effect: the declaration need not aver special damage.

In error from the Common Pleas of Cumberland county.

*May* 31.   This was an action on the case against four defendants ; the declaration, reciting that plaintiff had been insured by the Franklin Fire Insurance Company, that his house and the contents were burned, and that his loss had been partially paid by the company,

alleged in substance that the defendants, maliciously intending to deprive plaintiff of his good name, &c., and to put him to great expense, and without probable cause to subject him to the punishment inflicted by law on every person who designedly cheats another (the recitals showed that the unlawful acts charged were prior to the act of 1842); and also render him liable to an action by the Franklin Fire Insurance Company; did combine falsely and maliciously to charge plaintiff with cheating and defrauding the Franklin Fire Insurance Company; and, in pursuance and execution of their conspiracy, had circulated, in the hearing of divers persons, that plaintiff had cheated and defrauded the said company; that he had secreted goods, and made the company pay for them, as though they had been burned; and, in further execution of their conspiracy, they made and concocted a false and malicious written statement, purporting to be a deposition of one of defendants; which was set out, and which in substance contained a charge against plaintiff, of having, on the day his house was burned, procured divers merchandise to be secretly removed, to keep them out of the way of the insurance company, saying, if the company got them, he would get nothing; which written statement defendants sent to the company.

Then followed the usual averment of loss of character, &c.

The court charged the jury that no damage was implied by law, and there being none specially laid, they must find for defendants.

*Biddle* and *Watts*, for plaintiff in error.

*Reed*, contrà.

*June* 7. GIBSON, C. J.—This cause seems to have been treated as an action of slander, to which it bears some resemblance. The declaration charges a conspiracy to defame the plaintiff, by speaking scandalous words of him, and by libelling him; in support of which, he gave evidence of words, as overt acts, which would not be actionable if spoken without preconcert; and also of a written publication of the same words, which was distinctly libellous. But it is a rule, that where a libeller may be prosecuted by indictment, he may be prosecuted by action, though the words would not have been actionable had they not been written. The reason is, that a libel, diffused far and wide as it may be by the power of the press, has a violent tendency to destroy the reputation of him who has the misfortune to be the subject of it; and as damage is implied from it as a legal and natural consequence of an aggravated wrong,

it need not be specially laid. The implication is the same as the presumption of damage that is raised by the speaking of words which are actionable in themselves. Damage is the *gist* of an action on the case for a conspiracy, as it is of every action on the case—it is the *gist* of an action even for actionable words—but it follows not that it must be particular and substantial. If it were so, it would have to be specially laid as well as proved; but the declaration in Skinner *v.* Gunton, 1 Saund. 228, contains an allegation of no more than general damage. The action for conspiracy has been extremely rare; and that case furnishes, perhaps, the only reliable precedent for it to be found in the books. In Archbold's Nisi Prius, 450, it is said, that a conspiracy, when indictable, is actionable like a libel, and consequently without proof of special damage. To put another in jeopardy or terror, is itself a damage to him; and it is on this ground that it is actionable, to charge maliciously an innocent person with a crime. It is said, that the plaintiff in this case was not in jeopardy. Of prosecution by indictment, he certainly was not; but of being ruined in his reputation and business, he certainly was. The libel which jeoparded him, would give him an action against a single publisher of it; and why not against a number who published it in concert? It is not to be maintained that a libel, charging what would not be actionable independent of the publication of it, is not actionable without proof of special damage from it; or that it is not an injury from which constructive damage results by implication of law. From every tort, the law implies damage; and when substantial damage is not shown, it implies the smallest amount of it; but still an amount sufficient to sustain an action for it. An action of slander could seldom be maintained on any other basis; and if a libel be actionable when published by one, it is actionable when published by a plurality. But I do not rest the case entirely on the fact that the defendants conspired to publish a libel. A conspiracy to defame by spoken words not actionable, would be equally a subject of prosecution by indictment; and if so, then equally a subject of prosecution by action, by reason of the presumption, that injury and damage would be produced by the combination of numbers. The overt acts laid in this declaration, were scandalous words written, and scandalous words spoken; and, backed as they were by a confederacy, to give them circulation and credit, they raised a legal presumption of damage to a greater or less extent. Defamation by the outcry of numbers, is as resistless as defamation by the written act of an individual. The mode of publication is different,

but the effect of it is the same; and it is for this reason, that an action lies at the suit of one who has been the subject of a conspiracy, wherever an indictment would lie for it. But an indictment lies for any conspiracy to vex or annoy another—for instance, to ·hiss a play or an actor, right or wrong. In consistence with this, is Swan *v.* Saddlemire, 8 Wend. 676, in which proof of actual damage was held to be unnecessary in an action against the parties to a satisfied judgment for combining to set it up as unsatisfied, and to sell the plaintiff's land on it, though the execution was void; and it was said to be sufficient, that the acts of the defendants had exposed the plaintiff to inconvenience, trouble, or expense. That case is in point; and with Hunt *v.* Downing, Cro. Car. 478, and other authorities cited in support of it, settles the principle, that the action before us ought to have been sustained.

Judgment reversed, and a *venire de novo* awarded.