No. 4100.

GERARD BRANDON vs. T. H. & J. M. ALLEN & Co.

The seizure of the plantation in question under the attachment in this case was in
reality only nominal. The plaintiff either worked it himself or leased it, deriving
whatever profit may have been made from it himself, and if any deterioration
took place while the attachment rested upon it, the fault was with the plaintiff
or with those to whom he leased it. Upon the question of damages therefore, as
the immediate result of the attachment, the case is with defendants.

The property of plaintiff, however, was illegally attached. To get rid of the attach-
ment he had to employ counsel. The fee which his counsel earned, and which he
was obliged to pay, was a damage to him for which defendants are responsible.

There is no foundation for the plea that the property attached did not belong to
plaintiff. Defendants cannot set up such a plea, as it was only upon their allega-
tion that it did belong to him that the attachment issued. They cannot be per-
mitted to say that the property was his when the allegation was necessary to
enable them to procure the attachment, and then say that it was not his when it is
necessary to shield them from damages caused by the issuing of the attachment.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J.*
*A. N. & W. F. Ogden* and *J. C. Pierce,* for plaintiff and appellant.
*Hays & New,* for defendants and appellees.

MORGAN, J. The facts from which this litigation springs will be found
in the case of Gerard Brandon vs. William Hughes. Hughes had sold
a certain plantation in Tensas parish to Brandon. Brandon had as-
sumed to pay certain mortgages resting upon the plantation and certain
debts due his vendor. The defendants, among others, sued the plaintiff
on his alleged assumpsit. As he was a nonresident they proceeded by

attachment, which was levied on his Mondora plantation. In the lower court they obtained judgment. From that judgment a devolutive appeal was taken. Pending the appeal, the Mondora plantation was. sold, and purchased by the present defendants. This court reversed the judgment appealed from. The plantation was returned to the plaintiff.. He now sues to recover upward of $30,000 damages caused by the seizure of his property.

The evidence satisfies us that the seizure under the attachment was. in reality only nominal; that the plaintiff either worked it himself or leased it, deriving whatever profit may have been made from it himself,. and that if any deterioration took place during the time the attachment rested upon it the fault was with the plaintiff or with those to whom he leased it. Upon the question of damages as the immediate result of the attachment we think the case is with the. defendant. His property was, however, illegally attached. To get rid of the attachment he had to employ counsel. The fee which his counsel earned and which he was obliged to pay was a damage to him. This fee, we think from the testimony, should be eighteen hundred dollars.

Defendants contend that the property attached did not belong to the plaintiff. We do not understand how they can set up such a plea, as it was only upon their allegation that it did belong to him that the attachment issued. They cannot be permitted to say that the property was his when the allegation was necessary to enable them to procure the· attachment, and then say that it was not his when it is necessary to shield· them from damages caused by the issuing of the attachment.. Besides, when the attachment issued it was his property.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be avoided, annulled, and reversed; and it is now ordered that there be judgment in favor of the plaintiff and against the defendant *in solido* for eighteen hundred dollars, with interest thereon at five per cent per annum from judicial demand, with costs in both courts.