Delivered February 3, 1891.

---

## A. J. TRAWICK v. THE MARTIN BROWN COMPANY.

### No. 3089.

1. **Wrongful Levy of Attachment Upon Land.**—In an action for the wrongful and malicious suing out of an attachment an ordinary levy upon real estate will not authorize a recovery of either actual or exemplary damages.

2. **Mere Issuing of Attachment Itself no Cause of Action.** — It is not for the mere issuing of the attachment, though wrongful, that damages can be given.

3. **Case Adhered to.** — Wallace v. Finberg, 46 Texas, 35, adhered to in holding that the measure of damages for the wrongful seizure of goods under attachment is the depreciation or loss to the owner and the loss resulting from the sacrifice at forced sale.

4. **Levy Upon Real Estate.**—A levy upon real estate under our statutes not be-

ing attended with any disturbance of the possession, use, or enjoyment of the premises by the owner, it follows that as a general rule such a levy can afford no ground for the recovery of actual damages.

5. **Insufficient Allegations.**—The plea in reconvention stated that "he was and has been ever since hindered and prevented from selling the same (lands levied upon) or any part thereof and liquidating his debts with the proceeds thereof, which he could and would have done had not said attachment been levied thereon as aforesaid, to his damage," etc. It did not allege that he had an opportunity to sell, and that the sale was defeated by the levy, and that the property had depreciated in value. *Held*, the allegations showed no cause of action.

6. **Injury to Feelings — Loss of Credit.** —While injury to feelings and loss of credit may be taken into consideration in estimating exemplary damages, they are not grounds for or elements in actual damages.

APPEAL from Tarrant. Tried below before Hon. R. E. Beckham.
The opinion contains a statement.

*Ball & Ball*, for appellant.—The court erred in sustaining plaintiff's demurrer to defendant's plea in reconvention and in dismissing said plea, because the same showed on its face a good and sufficient cause of action, properly pleaded in reconvention in said cause. Cool. on Torts, pp. 62, 67, 69; Railway v. Levy, 59 Texas, 546; Tel. Co. v. Brown, 58 Texas, 174; 1 Suth. on Dam., p. 161; Field on Dam., secs. 32, 599; Sedg. on Dam., 79, 88; Wade on Att., sec. 317, p. 600; Allison v. Chandler, 11 Mich., 552; Sharon v. Mosher, 17 Barb.; 518; Guille v. Swan, 19 Johns, 381; Cate v. Cate, 50 N. H., 144; Peshine v. Shepperson, 17 Gratt., 472; Donnell v. Jones, 13 Ala., 490; Pollock v. Gaunt, 69 Ala., 373; Wade on Att., sec. 301, p. 79; Deming v. Humphrey, 24 Wend., 31; Drake on Att., secs. 176, 177; Heath v. Lent, 1 Cal., 412.

*Stanley, Spoonts & Meek*, for appellee.— 1. The filing of an affidavit containing defamatory statements and suing out an attachment in a cause is not actionable unless defendant has been deprived of his property or his possession disturbed, however malicious or unfounded such suit may be. Johnson v. King, 64 Texas, 226; Lee v. Wilkins, 65 Texas, 295; Smith v. Adams, 27 Texas, 30.

2. Bad faith in prosecuting suit, even though resulting in injury to business and good name, is not abuse of process nor actionable. Johnson v. King, 64 Texas, 226; Bartlett v. Christhelf, 27 Am. Law Reg., 604; Odg. on Libel, 187–191.

3. A levy upon real estate in Texas under the statute is not an eviction of the owner, and in no way disturbs the owner in the use or enjoyment of it. Cundiff v. Teague, 46 Texas, 475; Hancock v. Henderson, 45 Texas, 479; Howeth v. Mills, 19 Texas, 295; Bryan v. Bridge, 6 Texas, 137.

4. Unless the possession of land is disturbed there can be no claim for damages for levy on land. Howeth v. Mills, 19 Texas, 295; Bryan

v. Bridge, 6 Texas, 137; White v. Graves, 15 Texas, 187; Miller v. Sims, 3 Ct. App. C. C., 89; Heath v. Lent, 1 Cal., 410; Groat v. Gillespie, 25 Wend., 383.

5. The mere assertion of a right to or charge upon real estate is not an actionable wrong, however false or unfounded it may be, even though injury result to the owner. Haldeman v. Chambers, 19 Texas, 1; Johnson v. King & Davidson, 64 Texas, 226; Howeth v. Mills, 19 Texas, 295; Miller v. Sims, 3 Ct. App. C. C., 89; Heath v. Lent, 1 Cal., 410.

GAINES, Associate Justice.—Appellant was a retail merchant, and having become indebted to appellee, a mercantile corporation, it brought suit against him and caused an attachment to issue against his property. The ground of the attachment was that the defendant had disposed of his property in whole or in part with intent to defraud his creditors.

The defendant filed in the suit a plea in reconvention, claiming damages, actual and exemplary, for the wrongful and malicious suing out of the writ. A demurrer to this plea was sustained and final judgment rendered for the plaintiff for its debt. The appellant complains that the court erred in sustaining the demurrer to his plea in reconvention. The following summary of the allegations in that plea is taken from appellant's brief:

" 1. That at the date of said levy he was a solvent merchant of good reputation and credit.

" 2. That his said reputation and credit as such merchant was of great pecuniary value to him in enabling him to carry on his business.

" 3. That plaintiff knowingly and maliciously and without probable cause, and with the intent to destroy his credit and standing as a merchant and his reputation as a man, and to oppress and harrass him, made an affidavit in attachment charging him with having disposed of his property with intent to defraud his creditors, and caused the writs in question to be levied on his real estate.

" 4. That said levy produced all the results which were contemplated and intended by plaintiff, viz.: It destroyed his credit and standing as a merchant, injured and destroyed his business, prevented him from selling or disposing of his said real estate, and alarmed his other creditors, causing them to press their claims by suits and attachments.

" 5. That he lost and was damaged $1000 by being prevented from selling his real estate.

" 6. That he lost $5000 by reason of the impairment of his credit and his business and the injury to his feelings.

" 7. That said levy was excessive, and was partly on exempt property.

" 8. That all the malicious acts of the agent of plaintiff corporation in suing out and causing the levy of said writs were ratified and adopted by it, with full knowledge of the original malice and intent to injure.

"9. He prays judgment for actual damage on account of his being prevented from selling his real estate, the injury to his business and credit, the injury to his feelings, and exemplary damages on account of the malice of plaintiff."

The plea does not allege that there was any levy upon personal property.

Therefore the first question for our determination is whether in an action for the wrongful and malicious suing out of an attachment an ordinary levy upon real estate will authorize a recovery either of actual or exemplary damages. We are of opinion that the question must be answered in the negative. As we understand it, it is not for the mere issuing of the attachment that damages in any case are given. When the facts do not exist which warrant the writ and the property of the defendant is seized, all loss directly and proximately resulting to him from the seizure of the defendant's property is recoverable as actual damages. Such damages are confined to the depreciation or loss to the owner of the goods seized and to the loss resulting from the sacrifice at a forced sale. This was the rule laid down in Wallace v. Finberg, 46 Texas, 35, and has ever since been rigidly adhered to in this court.

A levy upon real estate under our statutes not being attended with any disturbance of the possession, use, or enjoyment of the premises by the owner, it follows that as a general rule such a levy can afford no ground for the recovery of actual damages. Counsel for appellant, who have filed an elaborate brief and argument, have cited no case in which such a recovery has been allowed. In two jurisdictions the contrary has been held. Heath v. Lent, 1 Cal., 410; Brandon v. Allen, 28 La. Ann., 60.

We are of opinion, therefore, that the appellant's plea in reconvention showed no actual damages resulting from the levy of the writ. It is true that it is alleged that the levy prevented the defendant from making a sale of the real estate levied upon. Ordinarily, as we take it, where the defendant, as in this case, owes the debt for which he is sued a levy upon real estate can have no such effect. If he can find a purchaser he can pay the debt, as he ought to do, and discharge the lien. However, we do not wish to be understood as holding that in no case can a levy of an attachment upon real estate cause damages recoverable in law. An advantageous bargain already agreed upon might be defeated by the wrongful levy of an attachment, and direct loss might result to the owner from subsequent depreciation in the value of the property. We are not prepared to hold that in such a case the loss might not be recovered. The allegation in this case is that by reason of the levy upon defendant's real estate "he was and has been ever since hindered and prevented from selling the same or any part thereof and liquidating his debts with the proceeds thereof, which he could and would have done had not said attachments been levied thereon as aforesaid, to his damage one thousand dollars." He does not allege that he had an opportunity to sell and that

the sale was defeated by the levy of the attachment, and that the property has depreciated in value since that time. The gist of his complaint seems to be that he was prevented from selling his property and using the proceeds in the payment of his debts. This is certainly too remote. Nor do we see from his allegations that any special damage has resulted to defendant from the levy upon his exempt property. If that property was his business homestead as alleged, the levy was a nullity and neither disturbed his possession nor affected his right.

It remains to inquire whether the defendant was entitled to recover for the alleged injury to his feelings and for loss of credit resulting from the issuing of the writ. It is too plain for argument that this does not belong to either of the classes of cases in which compensation has been allowed for mental suffering. Wallace v. Finberg, *supra,* is authority for the doctrine that loss of credit is not an element of actual damages. Whatever may be the rule in other jurisdictions, that is well settled in this court. We think therefore that defendant's plea does not show actual damage, and are of opinion that in cases where injury to property is claimed exemplary damages should not be allowed without allegation and proof of actual damage.

This therefore precludes an independent recovery for loss of credit in the present case. In fact there is much confusion as to the grounds upon which exemplary damages are allowed. It is sometimes said that they are purely punitory. Again, it is claimed that they are the mere inclusion of elements of damage not allowed where there has been no malice, fraud, or oppression. Our decisions recognize the rule that exemplary damages are allowed as a matter of punishment, but at the same time, when a proper case is made, permit the jury in assessing their amount to take into consideration damages too remote to be considered strictly compensatory. Mayer v. Duke, 72 Texas, 445.

Loss of credit may be looked to in assessing exemplary damages, but according to the rule in this court is not an element of actual damages in any case.

The alleged fact that the defendant's other creditors were induced by the plaintiff's attachment to pursue the same remedy does not render the plaintiff liable for any loss resulting from their action. If their writs were wrongfully sued out they are responsible for the damages resulting therefrom.

We conclude that the court did not err in sustaining the demurrer to the plea in reconvention, and the judgment is therefore affirmed.

*Affirmed.*

Delivered October 31, 1890.

*Ball & Ball,* for rehearing.—1. Actual damages may be recovered on account of the wrongful and malicious levy on real estate. Swan v. Sad-

dlemire, 8 Wend., 676, 680; Rice v. Miller, 70 Texas, 613; Collins v. Whitehead, 34 Fed. Rep., 123; Farrar v. Talley & Hester, 68 Texas, 349.

2.   The law implies damages therefrom and it is unnecessary for plaintiff to allege or prove any specific damage or injury.  Swan v. Saddlemire, 8 Wend., 676, 680; Rice v. Miller, 70 Texas, 613;  Collins v. Whitehead, 34 Fed. Rep., 123; Farrar v. Talley & Hester, 68 Texas, 349; Champion v. Vincent, 20 Texas, 811; Drake on Att., sec. 745; 1 Chit. Plead., 244; Cool. on Torts, 187; 3 Suth. on Dam., 606, 704; 1 Suth., p. 2; Field on Dam., sec. 860.

3.   Injury to feelings, to reputation, to credit, and to business are all elements of actual damage in a case of malicious tort.  To feelings. Stuart v. Tel. Co., 66 Texas, 586; Railway v. Levy, 59 Texas, 542; Zeliff v. Jennings, 61 Texas, 467; Drake on Att., sec. 745; 3 Suth. on Dam., 704, 699; 2 Greenl. Ev., sec. 267.  To credit and business.  Tel. Co. v. Brown, 58 Texas, 174; Newell on Def., 192, 193, 194; Drake on Att., sec. 745; 1 Wade on Att., p. 600, sec. 317.

4.   The court by adhering to the two propositions, viz., (1) that injury to feelings, credit, and business are simply elements of exemplary damages, and can not be recovered for by way of actual damages, and (2) that exemplary damages can not be recovered in any action unless actual damage is first shown, eliminates from the category of actionable wrongs some of the most grievous injuries known to humanity, and the decisions looking in that direction should be modified or overruled.

The motion was transferred to Galveston and there overruled.