WESTERN UNION TELEGRAPH CO. *v.* JENNINGS.

[70 South. 830.]

1. TORTS. *Actions. What law governs. Damages. Punitive damages.*
   The law of the state where a tort occurs governs the right of action.

2. DAMAGES. *Punitive damages.*
   In the state of Missouri, actual damages must have been sustained as a basis for the recovery of punitive damages,. and in the absence of actual damages no punitive damages may be recovered.

APPEAL from the circuit court of Simpson county.

HON. W. H. HUGHES, Judge.

Suit by Henderson Jennings against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Street & Street,* for appellant.

*J. B. Sullivan,* for appellee.

SYKES, J., delivered the opinion of the court.

This is a suit for damages by the appellee, Henderson Jennings, against the Western Union Telegraph Company, based upon the following facts, viz.:

The appellee and another young man were given employment by the proper employee of the Western Union Telegraph Company at St. Louis, Mo., and were sent to Tipton, Mo., at a salary each of forty dollars a month. They were to work as linemen of the appellant company, but state that they were put to work digging holes which they did not consider proper work for linemen, and for this reason, after working two and one half days, they quit and went back to St. Louis, Mo., where the agent of the company who had employed

them, viz., one Mr. Sharp, lived. Shortly after their ar-
rival in St. Louis the appellee called up, over the tele-
phone, Mr. Sharp and stated to him that the foreman at
Tipton, Mo., had not given them line work, but had put
them to digging holes, and that for this reason they had
quit. Appellee stated that Sharp replied: "If you and
Foster cannot dig holes for the Western Union Telegraph
Company, go and scratch for a job." Appellee then asked
him what he meant, and Sharp replied: "If you and
Foster can't dig holes for the Western Union Telegraph
Company, go to hell." Suit was instituted in the circuit
court of Simpson county for two thousand, five hundred
dollars damages. No actual damages were proven. The
jury returned a verdict for appellee for one hundred and
fifty dollars, evidently assessed as punitive damages un-
der the instructions.

The alleged tort upon which this cause of action is
predicated occurred in the state of Missouri, and for this
reason the law of that state governs as to whether or not
the appellee has a cause of action. *Pullman Palace Car
Co.* v. *Lawrence,* 74 Miss. 782, 22 So. 53.

In Missouri, actual damages must have been sustained
as a basis for the recovery of punitory damages, and in
the absence of any actual damages no punitive damages
may be recovered.

The above rule is fully set forth in the case of *Hoag-
land* v. *Forest Park Highland Amusement Co.,* 170 Mo.
335, 70 S. W. 878, 94 Am. St. Rep. 740. From this decision
we make the following quotation:

"It is claimed that the judgment should be reversed
upon the ground that the jury by their verdict gave the
plaintiff no compensatory damages, while they assessed in
his favor punitive or exemplary damages. . . . It
is held in 1 Sutherland on Damages (2d Ed.) section 406,
and in *Kiff* v. *Youmans,* 86 N. Y. 324, 40 Am. Rep. 543,
*Stacy* v. *Portland Pub. Co.,* 68 Me. 279, *Freese* v. *Tripp,*
70 Ill. 499, *Maxwell* v. *Kennedy,* 50 Wis. 648, 7 N. W. 657,
*Jones* v. *Matthews,* 75 Tex. 1, 12 S. W. 823; *Trawick* v.

*Martin Brown Co.*, 79 Tex. 460, 14 S. W. 564, *Schippel* v. *Norton*, 38 Kan. 567, 16 Pac. 804, *Kuhn* v. *Chicago, etc., R. R. Co.*, 74 Iowa, 137, 37 N. W. 116, and *Mills* v. *Taylor*, 85 Mo. App. 111, that actual damages must be found as a predicate for the recovery of exemplary damages. The verdict, therefore, seems to be inconsistent with itself, for when no actual damage has been sustained, as found by the jury in the case at bar, no exemplary damages can be allowed, nor can exemplary damages constitute the basis of a cause of action, for they are mere incidents to it, and when given they are not given upon any theory that the plaintiff has any just right to recover them, but are given only upon the theory that the defendant deserves punishment for his wrongful acts, and that it is proper for the public to impose them upon the defendant. as punishment for such wrongful acts in the private action brought by the plaintiff for the recovery of the real and actual damages suffered by him. No right of action for exemplary damages, however, is ever given to any private individual who has suffered no real or actual damages. He has no right to maintain an action merely to inflict punishment upon some supposed wrongdoer. If he has no cause of action independent of a supposed right to recover exemplary damages, he has no cause of action at all.''

We therefore hold that the appellee has failed to make out a cause of action, and for this reason the judgment of the lower court is reversed, and the case dismissed.

*Reversed and dismissed*