PULLMAN Co. *v.* ALEXANDER.

[78 South. 293, Division A.]

1. CARRIERS. *Passengers. Sleeping cars. Laws applicable.*

    In a suit for tort, the rights of the parties must be governed by the law of the state where the tort occurred and which gives the right of action.

2. PRINCIPAL AND AGENT. *Insult by agent. Liability. Punitive damages.*

    In Missouri, Louisiana, and in the federal courts, the settled rule is that before the principal can be held for punitive damages

it must appear from the proof that the principal either authorized the wrongful act in the first instance, or. that after the wrongful commission by the servant was brought to the principal's notice, such principal, by some act on his part, ratified the same, and the burden is upon the plaintiff to make such proof.

3. MASTER AND SERVANT. *Wrongful act. Ratification.*
Ratification by the principal of the agent's wrongful act may be shown by the fact that the servant is continued in the employment by the principal after notice of the commission of the wilful wrong.

APPEAL from the circuit court of Warren county. HON. E. L. BRIEN, Judge.

Suit by G. W. Alexander against the Pullman Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Dabney & Dabney,* for appellant.

We submit that nowhere throughout the entire record in this case, is there one word of evidence that this defendant (appellant) the Pullman Company, ever authorized the conduct of its porter, or that the matter was ever brought to the attention of the company, and it then did any act ratifying the alleged wrongful conduct. It was, as set forth in our brief in chief, the duty of the plaintiff (appellee) to introduce proof of these matters which he failed to do. We invite the court's attention to its comparatively recent ruling on this point. *Western Union Telegraph Company* v. *Robertson,* 109 Miss. 775.

In the opinion of the court (SMITH, C. J.) on page 786, we find: "By one instruction granted at the request of appellee the jury was authorized to award punitive damages in the event the delay in delivering the telegram was such as to amount in law to wilful disregard of the rights of the plaintiff." This instruction, in so far as recovery predicated upon negligence

occurring in apppellant's New Orleans office is concerned' is clearly erroneous, for the rule in Louisiana, as we understand it, is that for a principal to be liable in punitive damages for an act of his servant, he must have authorized or subsequently ratified the act of the servant complained of.   This feature of the rule is not only omitted from the instruction, but the instruction would have been erroneous, even had it been included therein, for the reason that there is no evidence that the negligent conduct of those in charge of appellant's New Orleans office, if such in fact there was, was either authorized or approved by it.   *Ingrahm* v. *Railroad Co.,* 128 La. 933, 55 So. 580; *Patterson* v. *Railroad Co.,* 110 La. 797, 34 So. 783."   No ruling could be cited more squarely in support of our contention that this Mississippi decision; the rule is the same in the two states, Louisiana and Missouri; no proof was offered by plaintiff (appellee) that defendant (appellant) either authorized or ratified the alleged wrongful act; and. the instruction was not qualified by the provision that the jury should also believe from the evidence that the wrongful conduct had been authorized or ratified by the principal.   Here is the instruction complained of:

"The court instructs the jury for the plaintiff that in addition to actual damages, if any suffered by the plaintiff as shown by the evidence, if they believe from the evidence that the conduct of the porter in charge of defendant's car on which plaintiff was a passenger was malicious, wanton, wilful, or capricious, they may also assess punitive damages; that is damages by way of punishment to defendant, so as to compel it to have a due and proper regard for the rights of the public.   All of said damages, however, both actual and punitive, if the jury believe from the evidence plaintiff is entitled to recover, not to exceed the amount sued for, to wit: three thousand dollars."

*N. B. Feld* and *J. D. Thames,* for appellee.

Counsel for appellant has discussed at length, the question of the right to recover punitive damages in Missouri, contending that the act of a servant must be authorized or ratified by the master, before he becomes liable for such damages.

We respectfully submit that the law in Missouri is not as contended for by them although some of the cases cited by them, give color to that view.

On page 36 of their brief, they cite the case of *Perkins* v. *M. K. & T. R. R. Co.,* 55 Mo. 201, and giving the opinion of the court says: ''The court says in conclusion 'The law is now settled in this state at least, and in most of the courts of the different states, that in actions of tort, when the damages complained of have been wilfully, maliciously or wantonly committed, the plaintiff may recover exemplary or punitive damages upon which appellee relies; and does not support appellant's contention as to the rule in Missouri. ' ''

In the case of *Leahy* v. *Davis,* 25 S. W. 491, a Missouri case which was an action for damages for death of a minor, Gantt, the judge, page 942, said one of the grounds assigned for a new trial was ''the inadequacy of the damages awarded, and the refusal of the court to instruct the jury that they might award plaintiff punitive or exemplary damages;'' and further on, on same page, says: ''There is no allegation of wilful or wanton injury to plaintiff's son, nor is there any evidence to support such a charge in the proof submitted, nor was there such gross negligence as would have justified an instruction for exemplary or punitive damages, and the court very properly declined to give the instruction prayed for by plaintiff to that effect.'' It is evident from this passage, that the court held that a punitive damage instruction in the case, would have been proper, if there had been an allegation and proofs to justify it;

and there was nothing said by the court of any necessity
for any authorization or ratification being required in
order to make the master liable for punitive damages.
*Carmody* v. *St. Louis Transit Co.*, 99 S. W. 495, a Mis-
souri case, was an action in tort by a passenger against
the common carrier, for ejection and arrest, and in which
the question of punitive damages was involved. The
court said on page 498: "It is also contended that the
instruction is erroneous in directing the jury to award
punitive damages, if they found the assault and ejection
wilful, without legal justification or excuse or provoca-
tion;" "it is not every wrong that authorizes the award-
ing of punitive damages." "Such damages are only
authorized where the tort complained of is characterized
by express malice, violence, oppression, or wanton reck-
lessness;" citing *Carson* v. *Smith*, 34 S. W. 855. Among
other cases the court further said: "Such damages
are not allowed solely as to such additional compensa-
tion, but are allowed principally as punishment of the
wrongdoer and to deter others from committing like
tort." They are not allowed as a matter of legal right,
and their allowance should always be left to the discre-
tion of the jury. "Therefore it was error to instruct the
jury, they should find exemplary damages." The case
was reversed because the awarding of punitive damages
was not left to the discretion of the jury. This case,
decided in 1907, a comparatively recent case, shows that
the rule in Missouri, as to punitive damages is settled
according to the rule announced in the Perkins case cited
in appellant's brief and referred to in our brief *supra*.

In the case of *Carson* v. *Smith*, 34 S. W. 855, which
was cited in *Carmody* v. *St. Louis Transit Company*,
*supra*, which is a Missouri case, on page 858, the court
says: "The rule announced by recent decisions of
this court, is that it lies within the discretion of the jury
as to whether or not punitive damages will be allowed,
in any case, and is not a question for the court, citing

*Railroad Company* v. *Kendrick,* 40 Miss. 374, and other cases;" "and the rule is the same in all cases of tort when wantoness, recklessness, oppression or express malice is shown. Under such circumstances, the jury is allowed to award exemplary damages, not only to compensate the sufferer but to punish the offender." "See, also, *Hoagland* v. *Forest Park Highland Amusement Company,* 70 S. W. 878, which is a case in point.

We respectfully submit, therefore, in view of the above decisions of the Missouri courts, that the rule in that state as to punitive damages is now settled, and was at the time of the wrong done appellee, by appellant's porter, and that the rule is the same in that state, as it is in this. Appellee suffered actual and punitive damages, as shown by the declaration, as amended, and the proof; and we respectfully submit, that the verdict and judgment of one thousand dollars, was fully warranted and not excessive, and that this court will not disturb it. We submit there is no error in the record of this case, and ask that this honorable court affirm the judgment of the trial court.

HOLDEN, J., delivered the opinion of the court.

Appellee, G. W. Alexander, Mississippi colored Baptist preacher, recovered a judgment for one thousand dollars against the Pullman Company as actual and punitive damages for failure to furnish him a berth, and for insult and abuse while he was a passenger in a tourist sleeping car between St. Louis, Mo., and Kansas City, Mo. Alexander purchased a Pullman ticket entitling him to a berth in the tourist sleeper from St. Louis to Kansas City. He entered the sleeper and demanded his bed of the porter in charge of the car. The porter refused to give him a berth, and insulted and cursed him for "a — cornfield nigger." Alexander was compelled to stay up all night, and contracted a cold and sickness on account thereof. With this state of case made

by appellee's evidence the court granted instruction No. 2, which is as follows:

"The court instructs the jury for the plaintiff that in addition to actual damages, if any, suffered by plaintiff as shown by the evidence, if they believe from the evidence that the conduct of the porter in charge of defendants' car on which plaintiff was a passenger was malicious, wanton, willful, or capricious, they may also assess punitive damages, that is, damages by way of punishment to defendant, so as to compel it to have a due and proper regard for the rights of the public. All of said damages, however, both actual and punitive, if the jury believe from the evidence plaintiff is entitled to recover, not to exceed the amount sued for, to wit, ($3,000) three thousand dollars."

It is urged by appellant that the lower court erred in granting the above instruction.

If the wrongs and injuries complained of had been inflicted upon appellee in the state of Mississippi, the instruction on punitive damages would have been a fairly correct announcement of the law, but the whole occurrence took place in the state of Missouri, and the rights of the parties must be governed by the law of the state where the tort occurred, and which gives the right of action.

Now, in Missouri, Louisiana, and several other states, as well as in the federal courts, the settled rule is that before the principal can be held for punitive damages it must appear from the proof that the principal either authorized the wrongful act in the first instance, or that after the wrongful commission by the servant was brought to the principal's notice, such principal, by some act on his part, ratified the same. *Western Union Telegraph Co.* v. *Robertson*, 109 Miss. 775, 69 So. 680; *Western Union Telegraph Co.* v. *Jennings*, 110 Miss. 673, 70 So. 830; *McKeon* v. *Cit. Ry. Co.*, 42 Mo. 79; *Perkins* v. *M., K. & T. R. R. Co.*, 55 Mo. 201; *Graham* v. *Pacific R. R. Co.*, 66 Mo. 536; *Randolph* v. *H. & St. J.*

*Ry. Co.,* 18 Mo. App. 609; *Canfield* v. *C., R. I. & P. R. R. Co.,* 59 Mo. App. 354.

There is no proof in this record that the appellant, Pullman Company, either authorized in the first instance or ratified the wrongful act of its agent, the negro porter, after knowledge of its commission. The burden was upon appellee. Alexander, to make such proof in order that he might have been titled to recover punitive damages.

Ratification of the agent's wrongful and oppressive conduct by the principal may be shown by the fact that the servant is continued in the employment by the principal after notice of the commission of the wilful wrong. But no effort was made by appellee in this case to show any authorization or act of ratification on the part of the principal. It does not appear that the negro porter was retained in the service by appellant after the commission of his wrong became known to the appellant. If the record can be construed as proving anything in that particular regard, it shows that the porter was not continued in the employment of appellant after the commission of the wrong by him was brought to the knowledge of appellant.

The instruction to the jury allowing punitive damages was error and for which the judgment of the lower court is reversed.

*Reversed.*