**ULLMANN, STERN & KRAUSSE, Inc., et al. v. ROGERS et al. (No. 7634.)**

(Court of Civil Appeals of Texas. San Antonio. Nov. 17, 1926. Rehearing Denied Dec. 15, 1926.)

1. **Appeal and error ⬅️722(1)—Assignments of error in brief need not be verbatim copies of corresponding grounds of motion for new trial.**

That assignments of error, brought forward in appellants' brief, were not verbatim copies of corresponding grounds of error set out in motion for new trial, held not to preclude consideration thereof.

2. **Appeal and error ⬅️500(2)—Error cannot be predicated on denial of plea of misjoinder of parties, unless record shows plea was presented and affirmatively acted on.**

Alleged error in overruling plea of misjoinder of parties is not reviewable, where it does no appear from the record that the plea was presented to or affirmatively acted on by trial court.

3. **Appeal and error ⬅️500(2)—Record must show that demurrers were presented to and acted on by court, or error cannot be assigned thereon.**

Assignments of error in overruling general and special demurrers to petition held not reviewable, where it did not appear from record that demurrers were presented to and acted on by trial court.

4. **Execution ⬅️472—Exemplary damages held not recoverable in action for wrongful levy on stock of merchandise.**

In action for alleged wrongful levy on stock of merchandise belonging to partnership, recovery of exemplary damages held properly denied.

5. **Execution ⬅️470—Injury to financial credit and standing of partnership business from wrongful levy held recoverable only on pleading of exemplary damages.**

In action for wrongful levy on stock of merchandise, where court properly withdrew question of exemplary damages, further instruction, permitting jury to consider injury to financial credit and standing of plaintiffs, and damage and injury to the partnership business on account of the seizure, was erroneous; such elements being recoverable only under a claim of exemplary and not actual damages.

6. **Execution ⬅️472—Measure of damages for wrongful levy on merchandise stock is value of use during detention.**

The true measure of damages for wrongful levy on stock of merchandise is the value of the use of such stock during the period of their detention by the sheriff.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action by Manuel Rogers and others against Ullmann, Stern & Krausse, Incorporated, and others. Judgment for plaintiffs, and defendants appeal. Reversed, and cause remanded.

Henry A. Hirshberg and Herbert Davis, both of San Antonio, and E. P. Scott, of Corpus Christi, for appellants.

J. C. Scott, of Corpus Christi, for appellees.

SMITH, J. In the year 1918 Manuel Rogers owned and was operating a general merchandise business in San Diego, Duval county, under the trade-name of Rogers & Co., and on November 1st of that year made a verbal gift of a one-half interest in the stock of goods to his daughter, Julia Rogers, who had been managing the business for him. The two then operated the business on a partnership basis under the continued management of the daughter, who shortly afterwards married Herminio Ibanez. The partnership thus sought to be established was operated without change of the trade-name of Rogers & Co. When Rogers took his daughter into the business as a partner, none of the parties made any effort to give notice to Rogers' creditors in compliance with the provisions of the Bulk Sales Law (Laws 1909, c. 27), nor did they comply with the requirements of the Assumed Name Act when that act became effective.

---

Ullmann, Stern & Krausse is a corporation engaged in the wholesale grocery business, from whom Manuel Rogers had been purchasing goods for his retail business prior to the time his daughter entered the business, and these relations continued for two or three years thereafter. In 1921 Rogers & Co. was in arrears in their account with the corporation to the extent of $3,000 for goods purchased in 1919 and 1920. Being unable to pay the accounts, Rogers gave the corporation his individual notes in the sum named, together with a deed of trust upon certain real estate in Nueces and Duval counties, to secure payment. Rogers defaulted in the payment of the notes, and the corporation brought suit in a Bexar county district court, which resulted in a judgment against Rogers individually for the amount of the debt and for foreclosure of the deed of trust lien. Execution was issued, and, in pursuance thereof, the certain lots in Duval county, covered by the deed of trust, were sold, and the proceeds, amounting to less than $600, were credited on the judgment. Alias execution was then issued, and, at the instance of the creditor corporation, the sheriff of Duval county levied upon the stock of goods and fixtures of Rogers & Co., and the store was thereby closed. After the sheriff had held the custody of the business for 10 days, he restored possession to the owners, who reopened the store, and resumed business. Subsequently Manuel Rogers and Julia Rogers Ibanez, joined pro forma by her husband, brought this action against Ullmann, Stern & Krausse, and Jesus Oliveira, sheriff of Duval county, for actual and exemplary damages claimed to have been sustained by them on account of the alleged wrongful levy. The trial court excluded exemplary damages, and submitted the question of actual damages upon two special issues, in answer to which the jury found that "Manuel Rogers, Julia R. Ibanez, joined by her husband, Herminio Ibanez, were damaged or made to sustain financial loss" in the sum of $2,000 "on account of the levy on and seizure by defendant, Jesus Oliveira, as sheriff of Duval county," of the stock of goods in question. From an appropriate judgment entered upon this verdict Ullmann, Stern & Krausse and sheriff Oliveira have appealed.

[1] Appellees object to the consideration of some of appellants' assignments of error, brought forward into appellants' brief, because those assignments are not verbatim copies of corresponding grounds of error occurring in appellants' motion for new trial. As the assignments appearing in the brief are identical in substance with those set out in the motion for new trial, and specify the same rulings of the court complained of, we think the statutes and rules are substantially complied with, and therefore overrule appellees' objections.

[2, 3] In their first and second assignments of error, appellants complain of the alleged action of the trial court in overruling appellants' plea of misjoinder of parties, but it does not appear from the record that this plea was presented to or affirmatively acted upon by the court. In such case appellants will be deemed to have waived the plea, and the first and second assignments of error, as well as the propositions of law predicated thereon, cannot be considered. For related reasons, appellants' third and fourth assignments and the propositions thereon cannot be considered. In these assignments appellants complain of the overruling of their general and special demurrers to appellees' petition, whereas it does not appear from the record that those demurrers were presented to or acted upon by the court.

[4-6] The trial court correctly excluded exemplary damages from the case, and appellees were thereby relegated to the recovery of actual damages only. But, in submitting the issue of actual damages, the court directed the jury to consider the injury to the "financial credit and standing" of appellees, and the "damage and injury" to the partnership business, on account of the seizure. In this the court erred, for loss of business and injury to credit and standing do not constitute elements of actual damages, but are recoverable only under a claim for exemplary damages. Wallace v. Finberg, 46 Tex. 35; Kirbs v. Provine, 78 Tex. 353, 14 S. W. 849; Trawick v. Martin-Brown Co., 79 Tex. 460, 14 S. W. 564; Neese v. Radford, 83 Tex. 588, 19 S. W. 141; Kauffman v. Armstrong, 74 Tex. 65, 11 S. W. 1048. As there was no established claim for exemplary damages in this case, there could be no recovery for injury to credit and standing, nor for loss of business, and those elements should have been excluded from the jury's consideration. It should be added here that the true measure of actual damages in the case is the value of the use of the stock of goods during the period of their detention by the sheriff, and of this element there was no evidence which would have supported a judgment. These conclusions require reversal of the judgment.

Other questions are efficiently raised by appellants, but, in view of another trial, need not be discussed. It is proper to say that the testimony of appellees as to the nature and extent of their damages was too general in the trial of the case, and consisted of conclusions of the witnesses rather than statements of specific facts, and such evidence was insufficient to warrant the verdict returned, even under the issues submitted.

The judgment is reversed, and the cause remanded.