### TAYLOR et al. v. SMITH.
#### No. 8365.

Court of Civil Appeals of Texas. San Antonio.
April 30, 1930.

Greenwood & Lewis, of Harlingen, for appellants.

Chas. R. Mayfield and Carter & Stiernberg, all of Harlingen, for appellee.

SMITH, J.

This suit was originally brought by S. T. Taylor against Russell Smith to enforce specific performance of a contract for exchange of properties alleged to have been made by the parties, or, in the alternative, for damages for breach of said contract. Taylor had Smith's property seized under writ of attachment upon a bond alleged to have been executed by Taylor as principal and C. F. Mitsch and Joe V. Clark as sureties. Smith filed a cross-action against Taylor, Mitsch, and Clark, alleging that the three conspired together to wrongfully attach Smith's property and otherwise harass and defraud him, and sought recovery against them upon their attachment bond. In a jury trial the jury, in response to a peremptory instruction, found for Smith in the original suit, and, in answer to special issues, against Taylor, Mitsch, and Clark on Smith's cross-action. They found specifically that the writ of attachment was wrongfully sued out by Taylor; that by reason thereof Smith had been compelled to incur traveling expenses in the sum of $111.22, and lost time of the value of $70, but had suffered no damage by reason of loss in the rental value of the attached premises. The jury also found that the attachment was sued out without "just and probable cause, and in disregard of the rights of defendant (Smith) for the purpose of harassing, vexing and injuring" him, and that by reason thereof Smith was entitled to recover $750 exemplary damages. The trial court rendered judgment in favor of Smith against Taylor, Mitsch, and Clark, jointly and severally, not only for the items of $111.22, $70, and $750, specifically found by the jury, but also for $750 attorney's fees found by the court to have been incurred in the litigation by Smith. Taylor, the principal on the attachment bond, and Mitsch and Clark, his sureties, have appealed.

For sufficient cause the statement of facts and appellants' briefs have been stricken out of the case, and the appeal was accordingly dismissed upon the assumption that there was no fundamental error apparent of record. This opinion is in response to appellants' motion for rehearing on the judgment of dismissal.

In actions for damages for wrongful attachment the actual damages recoverable are such only as are the natural and proximate result or consequence of the wrongful act. 5 Tex. Jur. 330, 332, §§ 171, 173.

Generally, a levy upon realty affords no ground for recovery of actual damages. Trawick v. Martin-Brown Co., 79 Tex. 460, 14 S. W. 564.

In any case, the actual damages recoverable are usually restricted to injury to the property seized and the value of its use during the period of its wrongful detention. Ullmann, etc., v. Rogers (Tex. Civ. App.) 288 S. W. 1109.

These rules exclude recovery, as actual damages, for expenses or attorney's fees incurred, or the value of loss of time in attending court for the purpose of defending such suits. 5 Tex. Jur. 345, § 188; Craddock v. Goodwin, 54 Tex. 578.

Where no actual damages have been shown, exemplary damages cannot be awarded in cases of wrongful attachment. 5 Tex. Jur. 346, § 189; Trawick v. Martin-Brown Co., supra.

With these several rules in mind, it is apparent upon the face of the record, and therefore requires our notice, that the judgment appealed from is erroneous. The jury found against appellee upon the only issue of actual damages submitted to them, to wit: "loss of rental value" of the attached premises; and, as exemplary damages are not recoverable except in cases where actual damages are shown, there was no foundation for the recovery of exemplary damages in this case. The error is fundamental, and must be noticed, though not assigned.

Appellants' motion for rehearing will be granted, and the order dismissing the appeal will be set aside. The judgment of the trial court in favor of appellee in the main suit will be affirmed, but the judgment in his favor upon his cross-action will be reversed, and the cause therein asserted remanded.

Affirmed in part; in part reversed and remanded.