## Morgan Jones et al. v. Rosedale Street Railway Company.

### No. 2658.

**Attorney Fees—Damages on Dissolution of Injunction.**— Attorney fees for obtaining the dissolution of an injunction can not be recovered by suit on the injunction bond.

Appeal from Tarrant.    Tried below before Hon. R. E. Beckham.
The opinion states the case.

*Finch & Thompson*, for appellants.—In a suit upon an injunction bond by the obligee, he can not recover as part of his damage the attorney fees which he may have expended in procuring a dissolution of the injunction. Clark v. Mumford, 62 Texas, 531; Eichoff v. Tidball, 61 Texas, 421; Webb v. Harris, 1 Ct. App. C. C., art. 1035; Anderson v. Larremore, 1 Ct. App. C. C., art. 948; Johnson v. Moser, 34 N. W. Rep., 459; Boardman v. Willard, 34 N. W. Rep., 487; Gadesden v. Bank, 5 Rich. L., 336; Oelrich v. Spain, 15 Wall., 211.

*Hunter, Stewart & Dunklin*, for appellee.—Reasonable attorney fees for services rendered in procuring the dissolution of a temporary writ of injunction wrongfully issued are recoverable as damages, and should be allowed as such in a suit on the injunction bond, provided the services are rendered in procuring the dissolution of the injunction.    Rev. Stats., art. 2881; Cummings v. Burleson, 78 Ill., 281; Andrews v. Glenville W.

Co., 50 N. Y., 282; Hovey v. Rubber Co., 50 N. Y., 335; Rose v. Post, 56 N. Y., 603; Disbrow v. Garcia, 52 N. Y., 654; Corcoran v. Judson, 24 N. Y., 106; Brown v. Jones, 5 Nev., 374; Garrett v. Logan, 19 Ala., 344; Miller v. Garrett, 35 Ala., 96; Holmes v. Weaver, 52 Ala., 516; Littlejohn v. Wilcox, 2 La. Ann., 620; Raupman v. Evansville, 45 Ind., 392; Wallace v. York, 45 Iowa, 81; McRae v. Brown, 12 La. Ann., 181; Noble v. Arnold, 23 Ohio, 264; Willson v. McEvoy, 25 Cal., 170; Reader v. Grimm, 28 Cal., 11; 2 Suth. on Dam., secs. 64, 65, 68, 69.

ACKER, PRESIDING JUDGE.—The Texas & Pacific Railway Company sued out a temporary injunction restraining appellee from building or operating its railway across the yards, right of way, and track of the complainant company. An injunction bond, as required by statute, was executed in the sum of $5000, with appellants as sureties thereon. The injunction was dissolved on motion of appellee, and this suit was brought by it on the injunction bond to recover the amount of money expended by it in attorney fees to procure the dissolution of the injunction.

The trial was without a jury, and resulted in judgment for plaintiff for $350, from which the defendants appealed.

The only question in the case is, can money paid as attorney fees for obtaining the dissolution of an injunction be recovered by suit on the injunction bond?

We do not think this is now an open question in this State. In the case of the Galveston, Harrisburg & San Antonio Railway Company v. Ware, 74 Texas, 50—following Oelrichs v. Spain, 15 Wallace, 211—it was expressly decided that such recovery could not be had.

We are therefore of opinion that the judgment of the District Court should be reversed and the cause dismissed.

*Reversed and dismissed.*

Adopted December 10, 1889.