### C. L. NEESE V. G. W. RADFORD.

#### No. 3293.

**Wrongful Levy—Mistake—Damages.**—An execution was issued from the County Court after appeal and supersedeas bond. The writ was levied by notice upon the interest the defendant had in a saloon business. Notices of sale were posted. The defendant by injunction stopped the sale. It appeared that neither the plaintiff in the execution nor his attorney knew that the supersedeas bond had been filed. Suit was brought against plaintiff in the execution for damages for the wrongful levy, etc. Damages alleged were attorney fees incurred, and loss of business credit. Testimony to these matters was produced. The court instructed the jury that while loss of credit and attorney fees paid and incurred were elements of exemplary damages, they could not be the basis for recovery of actual, and that they should find for the defendant. On appeal, *held:*

1. Loss of credit could not be treated as an element of actual damages.

2. We are not aware of any case in which attorney fees or costs incurred in another suit have been recovered as actual damages.

3. The charge of the court under the pleadings and facts was in accordance with the law.

APPEAL from Fayette. Tried below before Hon. H. TEICHMUELLER. The opinion states the case.

*Brown, Lane & Jackson,* for appellant.—1. A levy is wrongful and unlawful which is made by virtue of an execution issued on a judgment which the judgment debtor has previously appealed from, and superseded by filing in due time a sufficient bond in double the amount of such judgment; and such levy is wrongful whether made by actually seizing the property or by giving notice to the owner's partner and excluding the owner from the free use and possession of his property.

2. Actual pecuniary injury to a merchant's business occasioned by a wrongful levy on his interest in such business, is actual damage.

3. When by reason of a wrongful levy on property it becomes necessary for the owner in order to avoid irreparable loss and injury to invoke the aid of courts, the expenses required for this purpose, including reasonable attorney fees, become elements of actual damage.

*John T. Duncan*, for appellee.—1. Counsel fees for the prosecution of demands in case of tort are not a natural or proximate result of the injury, and are not to be regarded in such cases in estimating actual damages. Railway v. Oram, 49 Texas, 341; Landa v. Obert, 45 Texas, 539; Webb v. Harris, 1 Ct. App. C. C., sec. 1035; Wallace v. Finberg, 46 Texas, 35.

2. In Texas attorney fees incurred in procuring the dissolution of an injunction are not regarded as elements of damage. Likewise as to such other expenses of the litigation as are not taxable as costs. Railway v. Ware, 74 Texas, 47; Jordan v. David, 20 Texas, 712; Haddock v. Taylor, 74 Texas, 216.

3. Loss of business and credit resulting from attaching the goods of a merchant is not an element of actual damage for wrongfully suing out an attachment, and can be recovered only when exemplary damages are proper. Kirbs v. Provine, 78 Texas, 353.

4. When the facts do not exist which warrant the writ, and the property of the defendant is seized, all loss directly and proximately resulting to him from the seizure of the defendant's property is recoverable as actual damages. Such damages are confined to the depreciation or loss to the owner of the goods seized, and to the loss resulting from a sacrifice at a forced sale; and under neither of these cases could attorney fees and injury to credit be included. Trawick v. Martin Brown Co., 79 Texas, 460; Wallace v. Finberg, 46 Texas, 35; Kaufman v. Armstrong, 74 Texas, 65.

HENRY, ASSOCIATE JUSTICE. — This suit was instituted by the appellant to recover damages alleged to have been occasioned by the unauthorized levy of an execution upon his interest in partnership property.

The appellee had recovered against the appellant, in the County Court, a judgment for money. Appellant perfected an appeal by executing a cost bond only. At a subsequent day, and before the expiration of twenty days from the date of the judgment, he filed a supersedeas bond. The levy was made, not by an actual seizure but by notice, upon the interest of the appellant in a saloon. The sheriff advertised for sale the interest levied upon. In order to arrest the sale appellant obtained a writ of injunction. The levy was made on the 2d day of March, 1891, and the injunction was issued on the 7th day of the same month.

Plaintiff's petition charged, that said levy and advertisement were wrongful, unlawful, and prompted by malice; that at the time of said levy he was doing an extensive and profitable business with good credit; that the result of said levy and advertisement was to injure his credit and embarrass his business, and destroy its profits, and by reason of

having to pay higher prices for goods and higher interest as a result of said levy, he was damaged in the sum of $500; that the damage to his commercial name and credit amounted to $1000; that he was compelled to employ attorneys, paying them $50 for the purpose of procuring said writ of injunction to suspend said levy and sale. He asked judgment for $1550 actual and $10,000 exemplary damages.

The court charged the jury as follows: "By reason of the settled rules of law, neither injury to credit occasioned by a wrongful levy nor attorney fees constitute independent elements of actual damage, but may be considered as incidents of exemplary or punitory damages; and by reason of the further rule that exemplary damages can not be recovered unless actual damages are recovered, the plaintiff is not entitled to recover in this cause. You are therefore instructed to return a verdict for the defendant."

The only evidence of damage introduced by the plaintiff was in support of his averments of loss of credit and the payment of a fee to an attorney for procuring the writ of injunction. The evidence shows, that the attorney of Neese informed the attorney of Radford that he had only filed a cost bond, and that it was subsequent to the time of his making that statement that he filed the supersedeas bond. In fact, the execution of the supersedeas bond was caused by the information given the attorney of Neese that an execution would be taken out notwithstanding the filing of the cost bond.

The evidence shows, that when the execution was issued by the clerk, the attorney of Radford, who ordered it, did not know or believe that a supersedeas bond had in fact been filed. Neither the clerk of the court nor the attorney of the appellant so informed him; and it does not appear that Neese, when he was applied to by the sheriff for a levy, notified him of the fact. Why he did not do so is not explained. The attorney of Radford, who directed the clerk to issue the execution, not only testified that he did not know that a supersedeas bond had been filed, but that if he had been informed of that fact he would not have taken out the execution, and would have voluntarily released the levy after it was made.

While the circumstances of the case may not show that it was the duty of Neese or his attorney to give to Radford or his attorney notice of the fact that a supersedeas bond had been filed, we think that the undisputed facts show that, without the want of diligence on the part of either one of them, they were unaware of the fact before the levy of the execution. If it was not the duty of Neese to notify Radford or his attorney or the sheriff of the fact that he had filed a supersedeas bond, it was at least quite proper that he should have done so. The evidence fairly indicates that both he and his attorney had reason to believe that the execution had been sued out under the belief that nothing but a cost bond had been filed.

We do not think that a verdict for exemplary damages should have been returned under any view of the law of the case. It would have been entirely proper for the court to instruct the jury to find in favor of the defendant on the issue of exemplary damage, even if the facts had warranted a verdict for actual damage. That loss of credit will not be treated in such cases as an element of actual damage is too firmly established by decisions of this court to be now disregarded by us. Wallace v. Finberg, 46 Texas, 47; Kirbs v. Provine, 78 Texas, 357; Kaufman & Runge v. Armstrong, 74 Texas, 66; Trawick v. Martin Brown Co., 79 Texas, 460.

In the case of Railway v. Ware, 74 Texas, 50, it was said: "Counsel fees in the original suit are not allowed as compensatory damages in suits for wrongfully suing out writs of attachment and sequestration; and we see no reason why a different rule should apply when an injunction has been wrongfully obtained. The rule should apply also to such other expenses of the litigation as are not taxable costs in the suit." Jones v. Railway, 75 Texas, 382; Railway v. Oram, 49 Texas, 346.

We are not aware of any case in which attorney fees or costs incurred in another suit have been recovered as actual damage. The right to recover his attorney fees by the defendant in every case in which the plaintiff fails in his suit would seem to be as much a matter of right. The costs usually follow the result of the litigation; and further than that, it seems to be the policy of the law not to discourage a resort to the courts by parties who believe they have a cause of action, or who, having a good one, fail from some cause to successfully maintain it by charging them with the expenses incurred in the litigation by their adversaries.

The judgment is affirmed.

*Affirmed.*

Delivered March 4, 1892.