### W. T. Seal v. Jess Holcomb.

Decided January 4, 1908.

**1.—Attachment—Levy on Interest of Partner—Damages.**

In a suit upon a money demand an attachment was issued upon the affidavit of the plaintiff and levied upon the interest of the defendant as a partner in a stock of goods: no seizure or actual trespass of any kind was committed, but the levy was effected as provided by statute, by giving notice to the other partner; there was no evidence of any injury to the business or property of

the defendant. Held, that even though the attachment was wrongfully issued and levied the failure of the court to allow and of the jury to award even nominal damages was not cause for reversal of the judgment.

**2.—Same—Costs—Practice.**

The failure of the trial court to award the defendant his costs in a case where an attachment was wrongfully issued will not be cause for reversal of the judgment when the matter of costs was not called to the attention of the trial court.

**3.—Same—Exemplary Damages.**

In an attachment suit the recovery of only nominal damages is not a sufficient basis for the recovery of exemplary damages.

**4.—Fraud—Burden of Proof.**

Where, in a suit upon a money demand, the defendant alleges that he was induced to promise to pay the amount sued for by the misrepresentations of the plaintiff, the burden is upon the defendant to prove his allegations.

**5.—Partnership—Settlement—Rule.**

In a settlement of partnership affairs between two partners each partner is liable for only one-half of the outstanding indebtedness of the partnership, and a partner appropriating partnership property is liable to the other partner for only one-half of the value of the property appropriated.

**6.—Contracts—Misrepresentation—Rule in Equity.**

It is a rule in equity that all material facts must be known to both parties to a contract to render the agreement just and fair in all its parts, and if there be any intentional misrepresentation or concealment of facts in the making of the contract in cases in which the parties have not equal access to the means of information, it will vitiate the contract. This rule applied in a settlement between partners where one partner had peculiar and better means of information as to the financial condition of the partnership than the other partner.

Appeal from the County Court of Cooke County. Tried below before Hon. C. R. Pearman.

*Davis & Thomason,* for appellant.

*Stuart & Bell* for appellee.

CONNER, CHIEF JUSTICE.—This suit was instituted by appellee in the County Court of Cooke County on the 22d day of October, 1906. The substance of his petition was to the effect that he and appellant had theretofore been partners in business; that on the 25th day of August, 1906, appellee sold to the appellant his one-half interest in the partnership property for which appellant promised to pay the sum of three hundred and ten dollars, but which he had wholly failed and refused to do, and appellee prayed for the recovery of the principal, three hundred and ten dollars, plus the accrued interest, $1.90, and costs of suit. Appellant appeared and answered admitting the partnership, the purchase, and his promise to pay, as alleged by appellee, but specially pleaded that at the time of the sale appellee was the bookkeeper of the concern and represented that the indebtedness of the firm did not exceed twenty-five dollars, whereas in fact such indebtedness equalled one hundred dollars. Appellant further answered that appellee during the con-

tinuance of the partnership had appropriated to his own use and benefit various sums of partnership moneys amounting to one hundred dollars, with which he had not charged himself on the books of the firm. He also charged, by way of reconvention, that the writ of attachment which had been sued out by appellee at the time .of the institution of the suit had been wrongfully and maliciously issued and levied upon his interest in partnership property of himself and one G. M. Kirby, and he prayed for actual damages in the sum of five hundred dollars and exemplary damages in the further sum of three hundred dollars. The trial resulted in a verdict and judgment for appellee in the sum of two hundred and seventy-two and 30/100 dollars and costs of suit, with foreclosure of the attachment lien.

Error is first assigned to the refusal of the court to give the following special instruction requested by appellant, viz.: "If the attachment was wrongfully sued out and levied the law · implies some damage from the suing out of the attachment, its levy and the tying up of the property, and in such case you would have to find some actual damages, but a nominal sum." The evidence tends strongly to show, and for the purposes of our conclusion on the question it will be assumed that the writ of attachment herein was sued out without legal justification and was wrongful. The levy, however, was upon the interest of appellant in the partnership property of himself and G. M. Kirby and was made by leaving with the latter "notice" of the levy, as provided by Revised Statutes, article 5322. Under this article of the statute actual seizure of the attached property is not contemplated and there was no actual seizure of appellant's property in the present instance. Nor, as we conclude, does the evidence otherwise show injury caused by the levy of the writ. Appellant on this subject, among other things, testified: "He (appellee) told me the morning the attachment was run that he intended to attach my interest in the business. I had not been offering to sell the property and was making no effort to dispose of it for any purpose, much less to place it beyond the reach of my creditors. Since the attachment was run I have continued to remain in the business, just as I did before the attachment was run. Mr. Kirby has not objected to my remaining there and continuing in the conduct of the business just as I did before the attachment. The sales have been as good since the attachment was run as they were before. Mr. Kirby was my partner, and the business continued after the attachment just like it did before."

It is very generally held that for every infraction of a legal right the law will infer some damage, and the appellant insists that the levy in question in legal effect deprived him of the use, possession and enjoyment of the attached property and excluded him from the business, thereby entitling him to at least nominal damages, and he relies upon the following authorities: Farrar v. Talley, 68 Texas, 349; Brown v. Bridges, 70 Texas, 661; Girard v. Moore, 24 S. W., 652; 1 Sutherland on Damages, page 9. The precise point presented by appellant does not appear to have been involved in the case of Girard v. Moore, and the two other cases cited will be found

upon examination to be cases where an actual trespass was committed in the levies made, and in this respect we think the cases distinguishable from the one before us. No case has been cited, nor have we been able to find one, where in the absence of an actual trespass and in the absence of any proof of damage of any character, damages have been allowed. In Trawick v. The Martin Brown Co., 79 Texas, 460, the Supreme Court approved the action of the trial court in sustaining a general demurrer to a plea in reconvention which alleged a wrongful and malicious issuance and levy of a writ of attachment upon certain real estate. The levy was made under our statute which provides that in such cases it shall be sufficient for the officer to indorse the levy on the writ. It was distinctly held in that case that the defendant in attachment was not entitled to either actual or exemplary damages, and while in the discussion nothing is said in direct terms in regard to nominal damages, the demurrer admitted the truth of the plea, the issue of nominal damages was necessarily involved and could scarcely have escaped the attention of the court, and it hence would seem that the appellant in that case was entitled to a reversal, had the Supreme Court thought the issue of nominal damages one for which the judgment should be reversed. The case of Trawick v. The Martin Brown Company above was cited with approval in the case of Girard v. Moore, 86 Texas, 675, where it was held, among other things, that nominal damages only were insufficient as a basis for the recovery of exemplary damages. The case of Johnson v. King & Davidson, 64 Texas, 226, is one in which Johnson sought to recover from certain creditors actual and exemplary damages for the wrongful and malicious issuance of a writ of attachment. The facts show that while the writ had been issued and placed in the hands of an officer, it in fact was never levied, and our Supreme Court propounded the question to be determined in the following language: "Can an action be sustained for the bringing of a civil action by anyone, in his own right, for the purpose of enforcing a claim, real or unfounded, unless by the abuse of process the person or property of the defendant be seized or in some manner injuriously affected?" After citation and discussion of authorities, it was held that Johnson neither stated nor proved a cause of action, and it was said that: "The facts that an affidavit was made, and that an attachment issued, the attachment not having been executed, can not give to the appellant (Johnson) any right higher or greater than he would have if the same statements made in the affidavit were contained in an unsworn petition filed by the appellees in a proceeding in which they were seeking to enforce a right in which such averments were proper and necessary, though ultimately found to be untrue."

Appellant's contention is based on the proposition that the levy operated to "tie up the property" and exclude him from the business, and the requested charge was on the weight of evidence in so assuming, whereas his own testimony shows affirmatively that he was not excluded from the conduct of his business, and the legal effect of the levy, in our opinion does not necessitate such result. The effect of the levy was similar to the service of a writ of garnish-

ment creating a mere lien on the property which, in the absence of special results not here shown, was productive of no legal injury to appellant.

In answer to appellant's further contention that he had the right to have the issue of a wrongful attachment submitted in order to relieve himself from the imposition of the costs of the attachment proceedings, we think it sufficient to say that this view was but inferentially presented, if at all, in his pleadings and in the requested charge. Nor does it appear that the trial court's attention was otherwise called to the matter of costs, and we hence would not feel justified in reversing the cause merely to afford appellant the remedy of a jury trial to escape the payment of the two or three dollars, shown by the transcript to have been taxed as costs of attachment. We conclude that the first assignment should be overruled.

The second assignment is to the action of the court in refusing appellant's special charge No. 4. This special charge submitted the issue of exemplary or punitive damages and assumed, as we think, that appellant was entitled to actual damages. The charge, therefore, was properly refused, not only for the reasons stated in disposing of the first assignment; but also upon the ground that it is upon the weight of the testimony.

The third assignment was to the refusal of the court to submit appellant's special charge No. 2, which was as follows: "If the attachment was wrongfully, wantonly and maliciously sued out and levied, then you are authorized to find exemplary damages, though there may have been none but nominal damages." This assignment we think sufficiently answered by Girard v. Moore, 86 Texas, 675, hereinbefore cited.

We think the court properly placed the burden of proof on appellant to show that appellee made material misrepresentation as to the amount of indebtedness of the partnership as alleged, and that therefore appellant's fourth and fifth assignments should be overruled. So, too, we think the court properly restricted appellant in his recovery to one-half of the partnership funds appropriated by appellee and not charged to him upon the partnership books, and to one-half only of the indebtedness of the partnership which appellant had been required to pay in excess of twenty-five dollars. The materiality of appellee's misrepresentations consisted only in their tendency to enhance the value of the partnership interest purchased by appellant, and appellant's measure of damage was the difference in the value of such partnership interest as it was represented to be and as in fact it was proved to be by reason of the indebtedness in excess of twenty-five dollars. In all events, appellant as between himself and appellee was legally bound to pay one-half of the indebtedness, and appellee was entitled to one-half of the partnership funds appropriated by him and not charged to himself. The sixth and seventh assignments are accordingly overruled.

The eighth assignment, however, we think must be sustained. Therein objection is made to the charge of the court to the effect that if appellant could have known by the use of ordinary care that appellee's representations, as to the existing indebtedness, of which

there was evidence as alleged, were untrue, appellant would in that event be entitled to nothing by reason of his having paid partnership debts in excess of twenty-five dollars. It is a familiar rule in equity that all the material facts must be known to both parties to render the agreement just and fair in all of its parts, and if there be any intentional misrepresentation or concealment of facts in the making of a contract, in cases in which the parties have not equal access to the means of information, it will vitiate and avoid the contract. And in such case it is immaterial whether the misrepresentation be made on the sale of real or personal property. It was charged, and the evidence shows, that appellee was the bookkeeper and inside operator of the firm, while appellant performed the duties pertaining to its outside business. It can not, therefore, be justly said that the parties had equal means of information respecting the condition of the firm's indebtedness, and hence the maxim of *caveat emptor* ought not to apply. Inasmuch, however, as the error noted can only affect the amount of offset to which appellant claimed to be entitled, we think the error here noted may be cured by a remittitur. The jury evidently made a reduction from the amount appellant admitted in his answer that he had promised to pay appellee for his one-half interest in the business. This reduction, however, may have been on account of the fact, which there was evidence tending to show, that appellee had used partnership funds with which he had not charged himself. If, therefore, one-half of the excess indebtedness appellant was required to pay as alleged, viz., seventy-five dollars, be deducted from the amount of the recovery below, all possible prejudice by reason of the erroneous charge discussed will be avoided.

It is accordingly ordered that the judgment below be reversed and the cause remanded for the error of the court's charge hereinabove pointed out, unless appellee shall within twenty days file a remittitur of thirty-seven and one-half dollars, in which event the judgment will be affirmed for the remainder of the recovery below.

*Affirmed upon remittitur.*