KIESCHNICK et ux. v. MARTIN et al.*
(No. 6004.)

(Court of Civil Appeals of Texas. Austin. Jan. 30, 1919. On Motion for Rehearing, Feb. 19, 1919.)

1. JUSTICES OF THE PEACE ⬅135(4) — RESTRAINING EXECUTION — PETITION — SUFFICIENCY.

A petition, in a suit to enjoin execution on a justice's judgment from which an appeal had been taken, held sufficient as against a general demurrer, notwithstanding it did not specifically allege to what court the appeal was taken; it appearing that there was but one court to which such appeal could legally be taken.

2. COURTS ⬅480(3)—INJUNCTION SUITS—RESTRAINT OF LEGAL PROCEEDINGS.

The district court of one county has jurisdiction of a suit to enjoin execution on a justice's judgment rendered in another county from which appeal has been taken to the district court of such county, notwithstanding Vernon's Sayles' Ann. Civ. St. 1914, art. 4653, requiring

writs of injunction to be returnable to the court where the suit is pending; a justice court not having jurisdiction of injunction suits.

3. INJUNCTION ⬅110 — JURISDICTION OF DISTRICT COURT.

Unless restrained by statute, any district court where the venue is properly laid may exercise its constitutional right to issue injunctions.

4. COURTS ⬅480(3) — RESTRAINT OF LEGAL PROCEEDINGS — JURISDICTION OF DISTRICT COURT—VENUE.

Where proceedings were brought to restrain execution on a justice's judgment from which an appeal has been taken to the district court, the district court of another county wherein the injunction suit was pending had jurisdiction notwithstanding Vernon's Sayles' Ann. Civ. St. 1914, art. 4643, relating to the district judge's power to grant writs of injunction in case of disability of a resident judge.

5. JUSTICES OF THE PEACE ⬅135(4)—RESTRAINT OF EXECUTION—APPEAL FROM JUSTICE'S JUDGMENT.

Since the effect of an appeal from a justice's judgment is to annul the judgment and to confer jurisdiction on the county court, enforcement of an execution issued by the justice under the judgment may be enjoined as a proceeding under a void writ.

6. COURTS ⬅480(3)—CONFLICTING JURISDICTION—RESTRAINT OF LEGAL PROCEEDINGS.

Vernon's Sayles' Ann. Civ. St. 1914, art. 4653, providing that writs of injunction to stay legal proceedings shall be returnable to the court where the proceedings are pending, does not authorize an injunction writ to be returned to a court of the county where such judgment was rendered, instead of to the court where rendered.

7. JUSTICES OF THE PEACE ⬅135(4)—RESTRAINING EXECUTION—DAMAGES—ATTORNEY'S FEES AND EXPENSES.

In a suit to restrain execution under a justice's judgment from which appeal has been taken, actual damages for unlawful issuance and levy of the writ of execution do not include attorney's fees or the expense of attending court.

8. DAMAGES ⬅87(2) — EXEMPLARY DAMAGES —NECESSITY OF ACTUAL DAMAGES.

Exemplary damages may not be recovered unless actual damages are alleged and proven.

On Motion for Rehearing.

9. VENUE ⬅32(2) — CLAIM OF PRIVILEGE — WAIVER.

To obtain the benefits of the venue provision of Vernon's Sayles' Ann. Civ. St. 1914. art. 1830, § 17, the privilege must be claimed seasonably and in due order of pleading, otherwise it will be deemed to have been waived.

10. VENUE ⬅32(1)—CLAIM OF PRIVILEGE—DEMURRER.

A general demurrer, being merely intended to challenge the sufficiency of a petition or answer, cannot operate as a claim of the benefits of Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, § 17, relating to venue.

---

Appeal from District Court, Milam County; John Watson, Judge.

Suit by Richard Kieschnick and wife against Horace Martin and others. From a decree for defendants dissolving a temporary injunction, plaintiffs appeal. Reversed and remanded.

Chambers & Wallace, of Cameron, for appellants.

W. A. Morrison, of Cameron, for appellees.

BRADY, J. This suit was instituted in the district court of Milam county, by appellants against the appellees, to restrain the enforcement of a judgment and execution issued out of the justice court of Crockett county, Tex., and levied upon certain cotton alleged to belong to appellants. A temporary injunction returnable to the October term of the district court of Milam county was granted upon the original petition filed September 25, 1916, against the appellees, the Thorndale Mercantile Company, and Horace Martin, constable of precinct No. 8, Milam county, Tex., enjoining said appellees from enforcing the execution and from attempting to enforce the judgment, and from selling the cotton levied upon. To the original petition said appellees filed their original answer October 16, 1916, answering by general demurrer and by general denial, and praying for dissolution of the injunction.

In their petition appellants alleged: That the Thorndale Mercantile Company had brought suit in the justice court of Crockett county upon an account which neither of them justly owed. That appellants were residents of Williamson county, Tex., and were privileged to be sued there, and that said suit was brought in Crockett county, in a county far remote from their residence, and practically inaccessible, to harass them into paying an unjust and illegal demand, and to defend which suit caused them great expense, including attorney's fees. That the suit was for the sum of $44.47, and that on February 28, 1916, a judgment was rendered against appellants in said suit for that amount in the justice court of Crockett county, and that within 10 days from the rendition of said judgment they executed and delivered to the justice of the peace their appeal bond in due form of law, conditioned as required by law, and in a sum equal to double the amount of said judgment, and which appeal bond was a good and sufficient bond, duly certified by the county clerk of Milam county, Tex., as a good and sufficient bond, and that same was delivered to said justice of the peace in his official capacity, and was by him accepted and approved. That by the delivery of said appeal bond the said judgment was thereby set aside and thereafter rendered invalid, and

the jurisdiction thereof transferred and removed to the appellate court.

Appellants further alleged that in addition to perfecting their appeal the said appeal was still pending, and had been postponed from time to time and term to term at the instance of counsel for appellants and said mercantile company, all of which was well known to said mercantile company.

Appellants further alleged that on the 25th day of August, 1916, the justice of the peace issued an execution upon said judgment, directed to the sheriff or any constable of Milam county, Tex., and that the execution was by the justice of the peace and said mercantile company delivered to the constable, Horace Martin, in his official capacity, who was directed and required to levy upon the property of appellants, and to sell the same to enforce payment of said judgment; that the levy upon the cotton belonging to appellants was done by the constable at the special instance and direction of said mercantile company.

Appellants further alleged that, by reason of the fact that the amount involved in said suit in the justice court and the amount of the judgment therein, the jurisdiction to restrain the enforcement of such judgment and the execution issued thereon was in the district court of Milam county.

By amended petition filed March 27, 1917, appellants renewed the foregoing allegations, and made the justice of the peace, the appellee W. M. Johnigan, a party defendant, alleging that all of the defendants had conspired and colluded together to injure and defraud appellants, in harassing, hounding, and punishing them in the payment of an unjust debt; and that the writ of execution so issued by said justice of the peace was caused by said mercantile company to be unlawfully issued and levied upon appellants' property for the unlawful and unjust purpose alleged.

Appellees filed their amended answer September 10, 1917, in which they demurred generally to said petition, and they also filed 10 special exceptions to said petition. The trial court sustained the general demurrer and each of the special exceptions, and, appellants declining to amend, the cause was dismissed, and the trial court proceeded to dissolve the temporary injunction; from which decree of the court this appeal was taken.

The first question presented is the correctness of the trial court's ruling sustaining the appellees' general demurrer to appellants' petition. It is claimed by appellants that, the petition having shown affirmatively that the judgment upon which the execution was issued had been set aside and annulled by the perfecting of an appeal therefrom, the same was thereafter a void judgment, and the execution issued thereon a void writ, and that

they were entitled to an injunction to restrain the enforcement of the judgment and of the execution, and that the jurisdiction and venue lie in the Milam county district court, where the writ was levied, and where the constable resides, and the mercantile company has its domicile.

Appellees contend that the general demurrer was properly sustained, because appellants did not allege sufficient facts showing that the judgment of the justice court had been appealed and annulled, especially because the petition did not state to what court the appeal had been taken. They further contend that the general demurrer should have been sustained because the district court of Milam county was without jurisdiction to restrain the enforcement of the judgment or of the execution, but that the exclusive jurisdiction lies in the district court of Crockett county, where the alleged appeal is pending.

[1] We will first consider the point that the petition does not allege sufficient facts to show that the judgment was duly appealed from, and thereby vacated or annulled. We have carefully examined the averments of the petition, and, while it is not specifically alleged to what court the appeal was taken, the allegations substantially show that an appeal was duly perfected, and that the bond was filed with and approved by the justice of the peace, and the case on appeal continued from term to term at the instance of counsel both for appellants and appellees, and was at the time of the filing of the petition in this case still undetermined. It is stated in appellees' brief, and it does not seem to be disputed, that the jurisdiction of the county court of Crockett county in all civil and criminal cases was diminished by the Sixteenth Legislature, and its jurisdiction in such cases transferred to and vested in the district court of Crockett county, and that such jurisdiction has not been restored. Therefore there was but one court to which such appeal could legally have been taken, and we regard the averments of the petition in this respect as good against a general demurrer. We do not find that appellees in any special exception specifically pointed out the alleged defect in the petition in failing to expressly state the court to which said appeal was perfected. Furthermore, in appellees' fifth special exception they claim that the district court of Milam county had no jurisdiction of this cause for the reason that it appears from the petition that the appeal bond was filed in the justice court, and therefore the jurisdiction of said cause was then transferred to and vested in the district court of Crockett county, and was a pending suit at the time of the institution of this suit; thus recognizing the sufficiency of the allegations to show an appeal duly perfected to the district court of Crockett county. For these reasons, we overrule the contention that the general demurrer was properly sustained for the alleged defect in pleading the appeal from the justice court.

[2] We now come to the question whether the district court of Milam county was without jurisdiction to entertain appellants' suit for injunction. If the district court of Crockett county was vested with exclusive jurisdiction of a suit to enjoin the justice court judgment and the execution issued thereunder, it follows that the general demurrer should have been sustained and the cause dismissed as to the suit for injunction; or at least that the district court of Milam county could not legally have proceeded further than to make the temporary injunction returnable to the district court of Crockett county.

In support of their contention that the district court of Milam county was without jurisdiction in this case, appellees rely upon article 4653, Vernon's Sayles' Civil Statutes, which reads as follows:

"Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered; writs of injunction for other causes, if the party against whom it is granted be an inhabitant of the state, shall be returnable to, and tried in, the district or county court of the county in which such party has his domicile, according as the amount or matter in controversy comes within the jurisdiction of either of said courts. If there be more than one party against whom any writ is granted, it may be returned and tried in the proper court of the county where either may have his domicile."

Appellees also invoke the proviso in section 3, art. 4643, Vernon's Sayles' Civil Statutes, which is as follows:

"Provided, that no district judge shall have the power to grant any writ of injunction returnable to any other court than his own, unless the application or petition therefor shall state that the resident judge, that is, the judge in whose district the suit is, or is to be brought is absent from his district, or is sick and unable to hear or act upon the application, or is inaccessible, or unless such resident judge shall, have refused to hear or act upon such application for the writ of injunction, or unless such judge is disqualified to hear or act upon the application; and the facts of, and relating to, such judge's absence, or sickness and inability, or disqualification, or inaccessibility, or refusal to act, must be fully set out in the application for the writ, or in an affidavit accompanying said application. * * * Whenever an application or petition for the writ of injunction shall be made to a nonresident judge upon the ground that the resident judge is inaccessible as hereinbefore defined, the party making such application, or his attorney, shall make and file with the application, as a part thereof or annexed thereto, an affidavit setting out fully the facts showing that the resident judge is inaccessible, and the efforts made by the applicant to reach and communicate with said resident judge and the result of said efforts in that behalf; and, unless it appears from said affidavit that the

applicant has made a fair and reasonable effort to procure the action of the resident judge upon said application, no nonresident judge shall have the power to hear said application upon the ground of inaccessibility of the resident judge; and should any nonresident judge hear said application upon said ground of inaccessibility of the resident judge, and should grant the writ of injunction prayed for, said injunction so granted shall be dissolved upon it being shown that the petitioner has not first made reasonable effort to procure a hearing upon said application before the resident judge."

[3] If the first statute quoted above is applicable to this case, it follows that the general demurrer and the special exceptions raising the question of jurisdiction were properly sustained, and the temporary injunction made returnable to the district court of Milam county was properly dissolved by that court, because the court was without power to issue an injunction returnable to any court except the court in which the judgment sought to be enforced was rendered. However, we do not think that either of these statutes is applicable in this case. By the Constitution, district courts are made courts of general jurisdiction and clothed with power to issue injunctions, whether cognizable under the rules of equity or whether authorized by statute. Unless restrained by some valid statute, this power may be exercised by any district court where the venue is properly laid. Under the Constitution and laws of this state, justice courts are without power to issue writs of injunction, or to determine issues dependent thereon. The amount in controversy in the justice court was less than $200, as well as the judgment rendered therein; hence the justice court of Crockett county was without jurisdiction in a suit to enjoin that judgment, or the enforcement of the execution issued thereon and the sale under such execution. The district court is by the Constitution and laws invested with the jurisdiction to entertain such an injunction, and, the jurisdiction of the county court of Crockett county having been diminished and vested in the district court, the question is whether the district court of Crockett county had the exclusive jurisdiction to enjoin the enforcement of the judgment and the execution. We do not find any other statute which would have the effect of investing the district court of Crockett county with exclusive jurisdiction of this suit, and article 4653 is inapplicable and of no effect in this case, because the justice court in which the judgment was rendered is without power to hear or determine an injunction suit. This was held by the Court of Civil Appeals of the Second District in the case of Foust v. Warren, 72 S. W. 405. The same holding was made by the Court of Civil Appeals of the Fourth District in the case of Osborne v. Gatewood, 74 S. W. 72.

In the former case the suit was to enjoin an execution on a void judgment of a justice court, and in the other an execution on a judgment that had been satisfied; and both suits were brought in the district court of counties other than those in which the justice court judgments were rendered. In both cases it was held that the district court had jurisdiction, notwithstanding the judgments were rendered in justice courts of other counties.

In the Foust Case it was held that the seventeenth clause of the General Venue Statute (article 1830) alone applies. This clause provides that suit brought to enjoin the execution of a judgment shall be brought in the county in which such judgment was rendered; but this is a mere privilege which may be waived by a defendant, and which must be seasonably claimed in order to obtain its benefits. In the Foust Case it was held that appellants waived their privilege to require the injunction suit to be brought in the county where the justice judgment was rendered, and in this case appellees answered to the merits, and have never filed any pleas of privilege, nor raised the question of venue under section 17 of said article 1830, the General Venue Statute.

We believe that the above-cited cases announce the correct rule where the court which rendered the judgment is without jurisdiction to issue injunctions, and that therefore article 4653 does not apply in this case.

[4] As to article 4643, it is clear to us that said statute also has no application for the very same reasons. At most, the latter statute applies only where an injunction is sought in one court which by law is made returnable to another court; and in such case a district judge is without power to issue such injunction returnable to the proper court, except upon the conditions provided and the showing required in such statute. This is not a case where the injunction is by law made returnable to any other court, because article 4653, invoked by appellees, is not applicable, and we know of no other statute that does make this case returnable to either the justice court or the district court of Crockett county.

In reaching this conclusion, we wish to emphasize that this is not a case in which a writ of injunction is sought to stay proceedings in a pending suit, but is to restrain the enforcement of a judgment that has been vacated and set aside by appeal, and to enjoin the execution issued thereunder. No order of the district court of Crockett county, nor any proceeding in that court in the case appealed thereto from the justice court, is involved in this case; but the injunction proceeding is solely to restrain the execution of the judgment rendered in the justice court, and the writ is not returnable to and cannot be tried in the court where the judgment was rendered, because that court is not clothed with power to hear such suit. If this were a suit to stay proceedings in the suit pending in

the district court of Crockett county, or if the court in which the judgment was rendered had the power to try an injunction suit to enjoin its enforcement or execution, the question would be different, and it would seem that the provisions of the above statutes would require the injunction to be, returned to and tried in the district court of Crockett county in the one instance, or in the justice court in the other. But this suit does not concern any proceeding in the pending suit in the district.court of Crockett county, and involves no orders of said court, but is entirely based on the judgment rendered in the justice court and the execution issued thereon after it had been appealed and vacated.

[5] Under the statutes and decisions in this state, where a case has been appealed from a justice court, the trial is de novo, and the effect of the, appeal is to vacate and annul the judgment of the justice court. Jurisdiction of the cause is thereby transferred to the county court, and while the appeal is pending the justice court is without authority to enforce the judgment, and such judgment will not support an execution. Moore v. Jordan, 65 Tex. 395. Therefore a writ issued by the justice of the peace under such judgment while the appeal is pending and undetermined is a void writ, and its enforcement may be enjoined.

[6] In this case, appellees, in effect, ask us to construe article 4653 as requiring a writ of injunction granted to stay execution of a judgment to be returned to and tried in a court of the "county" where such judgment was rendered, rather than to the "court" where such judgment was rendered. The statute is mandatory and must be enforced as written, but we are not at liberty to extend the same beyond its terms and its plain meaning. The Legislature has seen fit to limit said statute so as to only require that in such class of cases the writ of injunction shall be returned to the "court" where the judgment was rendered. The justice court in which the judgment was rendered being without power, and having no jurisdiction to issue or try an injunction against the enforcement of the execution on such judgment, the statute is inapplicable, as we have shown, and to hold that the injunction must be returned to and tried in the district court of Crockett county, where the judgment was not rendered, would be to extend the scope of the statute invoked. This we have no authority to do.

Appellees rely upon the case of Thallman v. Buckholts State Bank, 181 S. W. 791. We have examined this case, and are of the opinion that it is not applicable. There the injunction applied for and issued was sued out in the district court of Bandera county, and made returnable to that court, although the order of sale, the execution of which was enjoined, was issued out of the district court of Milam county. This was a case where,

by virtue of article 4653, the writ, was clearly returnable to the district court of Bandera county, which had both the power and jurisdiction to try the injunction suit, and was by said article required to be tried in that court, where the judgment was rendered, and, out of which the order of sale issued. It will also be observed that in that case the injunction sought to restrain a sale under an order of sale issued out of the district court of Milam county, commanding and directing the sale of the specific property which was levied upon. The facts of this case, we think, are clearly distinguishable from the instant case.

For the reasons above given, we hold that the trial court erred in sustaining the general demurrer and the special exceptions assailing the jurisdiction of the trial court in this cause, and for this error the case must be reversed.

[7] Appellants also complain of the action of the trial court in sustaining certain special exceptions other than those presenting the question of jurisdiction, which we will now consider. These are special exceptions Nos. 8 and 9, which are addressed to the allegations of plaintiffs' petition seeking damages, as contained in paragraph 6 of said petition. These exceptions are in substance speaking general demurrers, and will be so treated. We have considered the averments in said paragraph of the petition in connection with the prayer for the recovery of damages, and it is clear to us that appellants seek to recover actual damages by reason of the alleged unlawful issuance and levy of the writ of execution, and the alleged malicious and unlawful purposes in procuring the issuance of said writ and the levy upon two grounds only, namely, for the sum of $250 or $325 for expense in the employment of counsel and in attending court; and they seek the further recovery of the sum of $1,000, as punitory damages. Under the authorities, we do not think either attorney's fees or expense of attending court are proper elements of actual damages or recoverable as such. Landa v. Obert, 45 Tex. 539; Wallace v. Finberg, 46 Tex. 47; Salado College v. Davis, 47 Tex. 133; Ry. Co. v. Oram, 49 Tex. 346; Johnson v. King, 64 Tex. 226; Ry. Co. v. Ware, 74 Tex. 50, 11 S. W. 918; Jones v. Ry. Co., 75 Tex. 382, 12 S. W. 998; Trawick v. Martin-Brown Co., 79 Tex. 460, 14 S. W. 564; Neese v. Radford, 83 Tex. 585, 19 S. W. 141; Seal v. Holcomb, 48 Tex. Civ. App. 330, 107 S. W. 916.

[8] It is settled doctrine in this state that exemplary or punitory damages may not be recovered unless actual damages are alleged and proven; and, of course, such actual damages must be legally recoverable before they can afford a proper predicate for the award of exemplary damages.

Being of the opinion that appellants did not allege facts sufficient to show a good cause of action for either actual of exemplary dam-

ages, we approve the action of the trial court in sustaining appellees' demurrers to that part of the petition. However, we would not be understood as intimating that appellants might not have alleged damages to their property rights arising out of the alleged unlawful issuance and levy of the execution or a sale thereunder, if such should be made. Neither are we to be understood as holding that attorney's fees may not be properly considered by the jury or court in estimating or ascertaining exemplary damages in a case where actual damages recoverable by law are shown.

For the error of the trial court in sustaining the general demurrer and special exceptions upon the question of jurisdiction and in dismissing the cause, this case is reversed and remanded.

Reversed and remanded.

### On Motion for Rehearing.

In a motion for rehearing, savoring somewhat of the intemperate, appellees' counsel has assailed the opinion of this court with great vigor and directness; but the writer, recognizing to the fullest extent the ancient and inalienable privilege of the lawyers to "cuss" the court, has not permitted the animadversions of counsel to shake his judicial poise in the least. On the contrary, in an earnest endeavor to get right on this case, we have been led to re-examine with greater care the questions in the record, and will state our conclusions.

In their motion, appellees first complain of certain statements made in the concluding portion of the opinion, explaining our holding that appellants' petition did not show a good cause of action for either actual or exemplary damages, and that the trial court properly sustained appellees' demurrers. The language objected to is as follows:

"However, we would not be understood as intimating that appellants might not have alleged damages to their property rights arising out of the alleged unlawful issuance and levy of the execution, or a sale thereunder, if such should be made. Neither are we to be understood as holding that attorney's fees may not be properly considered by the jury or court in estimating or ascertaining exemplary damages in a case where actual damages recoverable by law are shown."

It is insisted by appellees' counsel that these expressions were not called for by the facts of the case, and are obiter dicta. We are unable to agree with this contention. These statements were made merely to indicate the scope and extent of our holding upon the question of damages, and to prevent a misapprehension thereon; and, seeing how easily an opinion may be misconceived, we think our precaution was not unwise.

The appellants had cited authorities in which it was held that attorney's fees in certain instances were recoverable as damages, and it was to indicate our view that the cases were not in point, because such recovery was limited to cases of exemplary damages, and in an effort to distinguish those cases, that we used the expressions objected to. Appellants had also cited other cases where damages had been allowed for injury to property rights, in the levy of illegal process upon void judgments, and for a similar reason we tried to make it clear that our holding did not extend to include such damages in a proper case. We might add that appellees' counsel in his brief made the broad contention that attorney's fees were not proper elements of damage, and for this additional reason we added the precautionary language above quoted; and it will be allowed to stand as written.

Appellees next contend that this court erred in holding that the district court of Milam county had jurisdiction to issue the injunction or to entertain the suit for the purpose of enjoining the enforcement of the judgment rendered in the justice's court of Crockett county, for the reason that the statute applicable to this cause is mandatory and fixes the venue and jurisdiction in the district court of Crockett county.

With what would ordinarily be an admirable display of candor, counsel for appellees takes upon himself the blame for not directing this court's attention to section 17 of article 1830, Vernon's Sayles' Statutes, which it is contended is imperative and controls this case.

We exonerate counsel from any culpability whatever, especially as appellants' counsel did not fail to call our attention to the statute, and more especially because we considered and discussed the statute in our original opinion, and held that it was inapplicable, because its benefits had been waived by appellees.

However, we will again consider the question. The statute now so strongly relied upon by appellees, section 17 of article 1830, Vernon's Sayles' Statutes, is one of the exceptions to the general venue article, which provides that no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile. This exception reads as follows:

"When the suit is brought to enjoin the execution of a judgment, or to stay proceedings in any suit, in which case the suit shall be brought in the county in which judgment was rendered, or in which such suit is pending."

This provision is a venue statute, is a mere personal privilege, and may be waived as any other matter of privilege. In the present case it appears from the record that appellees, whose residence and domicile were in Milam county where the suit was brought and the temporary injunction obtained, filed their

original answer to the petition, in which they answered by general demurrer and general denial only. At the second term of court, and nearly a year after they had thus answered to the merits, they filed an amended answer, in which by special exceptions they for the first time raised the question of venue and jurisdiction, claimed to be in the district court of Crockett county. No plea of personal privilege, invoking the benefits of section 17 af article 1830, was ever filed by appellees, and the special exceptions filed by them did not specifically mention said provision. However, we will treat the special exceptions as raising that issue.

[9] In order to obtain the benefits of the venue provision of section 17, it is necessary that the privilege must be claimed seasonably and in due order of pleading. It is well settled that this may be done either by plea or by special exception. In the instant case no plea of privilege was ever filed, and the special exceptions were not filed until long after answer to the merits. Under these circumstances, we were of the opinion, and still believe, that the special exceptions came too late, and that the privilege was waived.

[10] However, it is contended by counsel that the general demurrer raised the question, and in legal effect entitled appellees to the benefits of the venue statute cited. We think this contention entirely inadmissible. The office of a general demurrer is to challenge the sufficiency of a petition or answer to state a cause of action, and it may be conceded will suffice to raise a question purely of jurisdiction; but we have been cited to no authority, and know of none, which recognizes that a general demurrer is sufficient to claim a mere matter of personal privilege.

Appellees' counsel seeks to distinguish the case of Foust v. Warren, 72 S. W. 404, cited in our original opinion, on the ground that the trial court himself raised the question of venue, and defendants' counsel made no objection to the venue, but proceeded to trial, which resulted in a mistrial, and thereafter a plea of privilege was filed. It is conceded by counsel for appellees that, if this statute be regarded strictly as a venue provision, the decision in the Foust Case was correct, and that the privilege there was waived.

We fail to see the distinction between that case and the present one. Wherein it is material that the trial court suggested the question of venue is not made to appear, and it is also not shown how the fact that there was a trial, resulting in a mistrial, would distinguish that case from this. There having been a mistrial, it was the same thing as if there was no intervening trial at all, and it was the failure to file the plea of privilege until after answer to the merits that constituted a waiver of the privilege.

It is also sought to distinguish the case of Osborne v. Gatewood, 74 S. W. 72; but we are convinced that this case, as well as the Foust Case, sustains our original holding.

Appellees argue at great length that section 17 of article 1830 is mandatory, because of the imperative nature of the language used therein. We think there can be no question that this statute is mandatory, when its benefits are properly and legally invoked, and there is nothing in our opinion to the contrary. The whole question is: Did appellees waive their right to insist upon the provisions of section 17? If they did, no matter how mandatory its character, the statute is inapplicable.

In support of his contention, counsel cites two cases—Mitchell v. Porter, 194 S. W. 981, and Mitchell v. Hancock, 196 S. W. 694. We regard neither of these decisions as in point. They simply hold that article 2147, Vernon's Sayles' Statutes, providing that actions "may" be brought against receivers of a corporation in the county where the principal office of the corporation is located, is a merely permissive statute, and must yield to subdivision 14 of article 1830, providing that suits for the recovery of lands "must" be brought in the county in which the land or a part thereof may lie. In each of the cases cited a plea of personal privilege, invoking the benefits of subdivision 14 of the General Venue Statute, was seasonably filed, and it was held that the suit must be brought, where the land was situated. We see nothing in these decisions in conflict with our opinion. There was no waiver in either of those cases, as in the instant case.

Adhering to the view that our original opinion is correct, the motion for rehearing is overruled.

Motion overruled.

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes